UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
SHERENA STENNETT, INDIVIDUALLY; SHERENA
STENNETT AS THE NATURAL MOTHER AND
GUARDIAN OF S.C. REYNOLDS A MINOR AND          INDEX#:
Z.K. KERR, A MINOR; S.C. REYNOLDS A MINOR;
AND, Z.K. KERR, A MINOR                        **COMPLAINT AND**
                                    Plaintiffs,   **JURY DEMAND**

                -against-

NEW YORK CITY ADMINISTRATION FOR
CHILDREN'S SERVICES (ACS); DAVID A. HANSELL,
Commissioner of the New York City Administration for
Children's Services, in his official capacity; ACS CASE
WORKER N ARGAN, INDIVIDUALLY AND AS AN
AGENT OF ACS; ACS CASE WORKER SUPERVISOR
M THOMPSON, INDIVIDUALLY AND AS AN AGENT
OF ACS; HONORABLE ERIC GONZALEZ IN HIS
CAPACITY AS THE DISTRICT ATTORNEY KINGS
COUNTY; THE NEW YORK CITY POLICE
DEPARTMENT; THE CITY OF NEW YORK;
STEPHANIE NEWBALD, INDIVIDUALLY, AS THE
PARENT AND LEGAL GUARDIAN OF C.
MCDONALDS, A MINOR, AND AS AN AGENT OF
THE NEW YORK CITY POLICE DEPARTMENT; JANE
DOES 1-5 INDIVIDUALLY AND AS AGENTS OF THE
NEW YORK CITY POLICE DEPARTMENT, SAID
NAMES BEING FICTITIOUS AND INTENDED TO
REPRESENT THE FEMALE OFFICERS WHOSE
NAMES ARE NOT KNOWN TO PLAINTIFFS AT THIS
TIME; AND JOHN DOES 1-5 INDIVIDUALLY AND AS
AGENTS OF THE NEW YORK CITY POLICE
DEPARTMENT, SAID NAMES BEING FICTITIOUS
AND INTENDED TO REPRESENT THE MALE
OFFICERS WHOSE NAMES ARE NOT KNOWN TO
PLAINTIFFS AT THIS TIME,
                                    Defendants.
-------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff seek relief for among other acts and or

       omissions, the violation of her rights secured by 42 U.S.C. §1983, the Fourth and

       Fourteenth Amendments to the United States Constitution, and the laws and the

       constitution of the State of New York.

2.     The claims arise from an incident that occurred on or about February 14, 2018 wherein

which the police officers and police sergeant named above herein as defendants made false statements about Sherena Stennett to members of the District Attorney's Office Kings County that led to Sherena Stennett being arrested prosecuted and said statements were made after Sherena Stennett was subjected to the false arrest and detention by said members of the police department.

3.    The Minor Plaintiffs S.C. REYNOLDS and Z.K. KERR, witnessed the malicious and unjustified actions by the members of the New York City Police Department, ACS, The City of New York and other Defendants, that were committed against Sherena Stennett and are to date still experiencing the stress and trauma of observing these traumatic events.

4.    As a direct result of the acts, omissions and false allegations by the Defendants, and the failure of the New York City Police Department to investigate the allegations pertinent to said incident, Plaintiff Sherena Stennett, was unlawfully and unjustly arrested by members of the New York City Police department, was prosecuted in the Criminal Court of the State of New York on Felony and Misdemeanor assault and other charges, the same were subsequently dismissed and sealed, but not before Sherena Stennett was pulled out of work, pursued and indicated by ACS and made to suffer serious emotional disturbance, loss of wages, loss of her good name in the community and to incur fees, costs and disbursements she otherwise would not have incurred.

5.    The Defendants ACS and Honorable Eric Gonzalez, did not properly investigate these allegations and therefore furthered the malicious and unjustified actions perpetrated against Plaintiffs that are now the subject of this law suit.

6.    The New York City Police Department and the City of New York also failed to properly investigate these claims and contributed to the damages now complained of.

**THIS ACTION IS TIMELY**

7.      This action involves State Court claims as well as Federal claims against the Defendants.

8.      It is submitted that the Plaintiff's action is timely and thus the Court should permit the Defendants to proceed accordingly.

9.      The Plaintiffs, have issues that continue to present daily.

10.     The acts and or omissions by Defendants against Plaintiffs' interest are on-going and the time to pursue the claims Plaintiffs have against Defendants has not run.

11.     Plaintiffs have suffered and continues to suffer the emotional crisis that has resulted from the acts and omissions committed by the Defendants against Plaintiffs' interests

12.     The arrest and transactions and occurrences that gave rise to this action occurred on or about February 15, 2018.

13.     The charges pertinent to this action were dismissed on February 28, 2019.

14.     The Plaintiffs commenced this action on February 27, 2021.

## **JURISDICTION**

15.     This action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

16.     Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

17.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

18.     Venue is laid within the United States District Court for the Eastern District of New York in that Defendants are all located in or within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

19.     Since it is submitted that the Court has jurisdiction to hear the Federal Court causes of action listed below herein, this Court should recognize the Plaintiff's right to invoke the supplemental jurisdiction of this Court to adjudicate the pendent State law claims pursuant to 28 U.S.C. §1367.

## PARTIES

20. At all times relevant to this action, Plaintiff SHERENA STENNETT, hereafter referred to as "Sherena" "Ms. Stennett" "Plaintiff Stennett" or "Plaintiff," was a resident of the State of New York, Queens County.

21. Sherena Stennett is currently a resident of the State of New York, Queens County.

22. At all times relevant to this action, Plaintiff S.C. REYNOLDS, hereafter referred to as "S.C. REYNOLDS" "The Minor Reynolds" "Plaintiff Reynolds" or "Plaintiff," was a resident of the State of New York, Queens County.

23. S.C. REYNOLDS is currently a resident of the State of New York, Queens County.

24. At all times relevant to this action, Plaintiff Z.K. KERR, hereafter referred to as "Z.K. KERR" "The Minor Kerr" "Plaintiff Kerr" or "Plaintiff" was a resident of the State of New York, Queens County.

25. Z.K. KERR is currently a resident of the State of New York, Queens County.

26. At all times relevant to this action, Defendants, NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES (ACS); DAVID A. HANSELL, Commissioner of the New York City Administration for Children's Services, in his official capacity, hereafter referred to as "ACS" "The ACS Defendants" and "Defendant" is a government agency, operating within the State of New York.

27. Defendant Honorable Eric Gonzalez, herein after "The District Attorney" "Honorable Eric Gonzalez, and "Defendant" is sued in his official capacity as the District Attorney for Kings County.

28. Defendant, THE NEW YORK CITY POLICE DEPARTMENT, is a municipal agency of the Defendant, CITY OF NEW YORK.

29. Defendant, CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by

law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk identical to the maintenance of a police force and the employment of Police Officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendants, Stephanie Newbald, Jane Doe 1-5 and John Doe 1-5.

30.   At all times relevant hereto, the defendant Stephanie Newbald is the natural mother of C. McDonalds, a minor, and is a member of the New York City Police Department.

31.   At all times relevant herein defendants, Police Officer Stephanie Newbald, Jane Doe 1-5 and John Doe 1-5 were acting under color of the laws, statutes, ordinances, regulation, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of the their duties and function as officers, agents, servants, and employees of the Defendant CITY OF NEW YORK, were acting for , and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties. They are being sued individually and in their official capacity.

32.   By the conduct, acts, and omissions complained of herein, defendants, Police Officer Stephanie Newbald, Jane Doe 1-5 and John Doe 1-5 violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments of the United States Constitution of which reasonable police officer under the circumstances would have known.

33.   Moreover, the conduct and acts of Defendants Police Officer Stephanie Newbald, Jane Doe 1-5 and John Doe 1-5, caused the members of the District Attorney's office Kings County, ACS and other defendants sued herein to violate clearly established

constitutional standards under the First, Fourth, and Fourteenth Amendments of the United States Constitution of which reasonable police officer under the circumstances would have known.

34.  The Defendants all acting in concert with each other conspired and agreed and collaborated to violate the rights and privileges the Plaintiffs enjoy both under the State and Federal Constitutions.

## **FACTUAL ALLEGATIONS**

35.  On or about and between February 14, 2018 and February 15, 2018, the Plaintiffs were at home, in Brooklyn, NY.

36.  At the time, Plaintiffs, Sylbert Reynolds, Stephanie Newbald, C. McDonald, and Gaynel Reynolds were living in the home together in Brooklyn, NY.

37.  During the time the persons named above herein were cohabiting, Plaintiff Sherena Stennett was coming out of the kitchen and observed C. McDonald sitting in the living room at the home with Plaintiff S. Reynolds.

38.  Plaintiff Sherena Stennett observed that C. McDonald's penis was exposed and heard C. McDonald say to Plaintiff S. Reynolds, touch it and Plaintiff S. Reynolds refused.

39.  C. Reynolds, a minor, made the same demand repeatedly and on each occasion Plaintiff Sherena Stennett heard S. Reynolds refuse.

40.  Plaintiff Sherena Stennett intervened by first telling C. McDonald to stop what he was doing and then by telling S. Reynolds to leave the living room.

41.  Plaintiff Sherena Stennett immediately went to Defendant Stephanie Newbald's bedroom and reported what Plaintiff observed C. McDonald doing to Plaintiff S. Reynolds, as Stephanie Newbald is the natural mother and guardian of C. McDonald.

42.  When Plaintiff Sherena Stennett told Stephanie Newbald what Plaintiff observed, Stephanie Newbald became irate, in that, Stephanie Newbald stated "this is why yall need

to get the fuck up out of my house, this is why I don't want yall the fuck up in here."

43.     Stephanie Newbald then entered Plaintiff Sherena Stennett's bedroom and proceeded to throw a turtle tank at Plaintiff.

44.     Stephanie Newbald, cursed and yelled at Plaintiffs, pulled plaintiff's clothing out of the dresser drawers and closet and threw them out into the hallway at the home.

45.     Stephanie Newbald knocked over the items on the dresser and then picked up a fan and struck Plaintiff Sherena Stennett in the face.

46.     Stephanie Newbald threw clothing at the Minor Plaintiffs.

47.     Stephanie Newbald threw the lotion bottles and other items that were on the dresser at the minor plaintiffs and then ran to the kitchen and grabbed a knife and lunged at Plaintiffs with said knife.

48.     Plaintiffs were screaming and the yelling for help to no avail.

49.     Sherena Stennett screamed for help and tried to shield the minor Plaintiffs from Stephanie Newbald.

50.     Stephanie Newbald attacked Sherena Stennett and struck Sherena Stennett about the body and face with a pair of metal crutches as Sherena Stennett tried desperately to shield herself and the minor plaintiffs from Stephanie Newbald.

51.     Sherena Stennett screamed for help and Sylbert intervened.

52.     Stephanie Newbald attacked Silbert when he tried to stop Stephanie Newbald from attacking Plaintiffs.

53.     Sylbert called the police and Stephanie Newbald, ran out of the home and called the police screaming "officer needs assistance, officer needs assistance."

54.     Thereafter, several members of the New York City Police departments arrived at the home where the incident occurred and when said officers arrived, Sherena Stennett told the police officers what happened.

55.  The officers took Sherena Stennett to the hospital as the assault with the pair of crutches against Sherena by Stephanie Newbald caused a laceration to Sherena's face and several of Sherena Stennett's teeth were broken.

56.  The police later placed Sherena Stennett under arrest at the hospital and charged her with the following charges:

a) PL 120.05 (02)  ASSAULT IN THE SECOND DEGREE A D FELONY

b) PL 120.00 (1)  ASSAULT IN THE THIRD DEGREE AN A MISDEMEANOR

c) PL 120.14 (1) MENACING A CLASS A MISDEMEANOR

d) PL 260.10 (1) ENDANGERING THE WELFARE OF A CHILD A CLASS A MISDEMEANOR

e) PL 265.01(02) CRIMINAL POSSESSION OF A WEAPON  A CLASS A MISDEMEANOR

f) PL 240.26 (1) HARASSMENT A VIOLATION

g) PL 102.15 MENACING A CLASS B MISDEMEANOR

57.  The felony charge was dismissed and sealed on 5/15/2018.

58.  The remaining charges were dismissed and sealed on 2/28/2019.

59.  After the Plaintiff Sherena Stennett was arrested, the ACS Defendants opened an investigation against Sherena Stennett and later indicated her for child endangerment in connection to the arrest.

60.  Sylbert told the police, members of the District Attorney's officer and ACS what happened and in fact reported that Stephanie Newbald was the aggressor and that Sherena Stennett consistently tried to leave.

61.  The officers were inside of the home and thus could observe that all of the Plaintiffs' clothes and personal items were scattered about the hallway and Plaintiffs' bedroom.

62.  The officers did not take any photos, did not collect any evidence and did not preserve

the crime scene to ensure that a proper investigation would be done.

63.     Moreover, despite having full knowledge of the fact that C. Reynolds, a minor  exposed

his penis to the Minor Plaintiff and all of the evidence pertinent to the acts of extreme

aggression Christian Reynold's mother, officer Stephanie Newbald engaged in against

Plaintiffs in retaliation for Plaintiffs' complaint against C. Reynolds, a minor , the

Defendants all acting in concert took steps against the Plaintiffs that are illegal,

unjustified and intended to shield a Stephanie Newbald and C. Reynolds, a minor  from

accountability.

64.     As a direct and proximate result of the actions, omissions and malfeasance that Plaintiffs

now complain of, the Plaintiff Sherena Stennett was pulled out of the classroom, suffered

public humiliation and shame, had several medical procedures to fix her teeth, incurred

medical bills she otherwise would not have incurred, has been in therapy and the minor

plaintiffs have suffered severe psychological trauma and are in counseling for the same.

65.     It is submitted that these actions of the Defendants acting jointly and severably were

malicious and form the basis of the claims being set forth herein.

66.     As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and

will continue to suffer substantial damage to her reputation, ability to earn a living, has

been excluded from work, and has suffered injury to goodwill and reputation, all of

which are not yet fully ascertainable.

## RELEVANT STATUTES

67.     Plaintiff seek damages as follows:

a)      Economic damages,

b)      Compensatory damages (including emotional distress damages),

c)      Punitive damages, Liquidated damages, and

d)      Attorney fees.

9

68.   Plaintiff is also seeking in addition to monetary recovery, non-monetary remedies, i.e., the removal of the indicated status ACS found against her name and an injunction against further unlawful acts.

69.   Title VII of the Civil Rights Act of 1964 (Title VII) provides for attorney fees and "capped" compensatory and punitive damages (depending on the number of employees);

70.   The New York State Human Rights Law (NYSHRL) provides for neither attorney fees nor punitive damages but provides for "uncapped" compensatory damages;

71.   The New York City Human Rights Law (NYCHRL) provides for uncapped compensatory and punitive damages, as well as attorney fees; and

72.   The Age Discrimination in Employment Act of 1967 (ADEA) does not provide for compensatory damages, but rather provides for "liquidated damages" for "willful" violations.

73.   Plaintiff maintains that the causes of actions set forth below herein are sustainable under all of the statutes discussed above herein.

74.   The Plaintiff is empowered under the statutory laws in this State to be placed in the same position in which they would have been in if the discrimination, bad acts and omissions, did not occur.

75.   It is submitted that Plaintiff is entitled to economic damages, which include "back pay" and "front pay" as these are the most objective measure of damages.

76.   The basis of this demand for damages in the form of back pay is that the back pay being demanded is the  amount equal to the wages that Plaintiff would have earned from the date she could not work or was not paid for working, along with lost fringe benefits such as vacation pay and pension benefits. Noel v. New York State Office of Mental Health Cent. New York Psychiatric Ctr., 697 F.3d 209, 213 (2d Cir. 2012).

77.   The purpose of the demand for back pay is to completely redress the economic injury the

plaintiff has suffered as a result of discrimination, acts and or omissions committed by Defendants against Plaintiff's interest.

78.   There is no question that in order to make Plaintiff whole a grant of back pay upon a finding of discrimination, is the rule, not the exception.

79.   The Plaintiff also demand front pay for which is described as the amount awarded for lost compensation that Plaintiff would have enjoyed during the period between judgment and reinstatement or instead of reinstatement.

80.   While front pay is a discretionary award designed to make victims of discrimination whole, it is submitted that, upon a finding of discrimination, Plaintiff should be awarded front pay because Plaintiff has no reasonable prospect of obtaining comparable alternative employment.

81.   Plaintiff could not mitigate the damages because Plaintiff has been incapacitated by depression and has on-going feelings of shame and worthlessness that was brought on by the Defendants' bad acts.

82.   Plaintiff seeks compensatory damages for the losses such as out-of-pocket expenses caused by the Defendants' discrimination, acts and or omissions, and any and all emotional harm suffered by Plaintiff, namely, mental anguish, inconvenience, and or loss of enjoyment of life).

83.   It is submitted that the discrimination, acts and omissions being complained of by Plaintiff all fall in the categories of: (1) "garden variety"; (2) "significant"; and (3) "egregious."

84.   The basis of this statement is that Plaintiff has stated and is willing to testify that in vague or conclusory terms, without relating either the severity or consequences of the injury.

85.   However, Plaintiff is also prepared to submit documentary and testimonial evidence of significant emotional distress at trial, that would establish that the claims being pursued

here stem from more substantial harm or more offensive conduct, and can be supported by medical testimony and evidence, evidence of treatment by a mental healthcare professional and/or medication, and or testimony from other, corroborating witnesses.

86. It is submitted that the facts outlined above herein support a finding that the conduct complained of led to egregious emotional distress, in that the behavior by Defendants was outrageous or shocking discriminatory conduct and such conduct had a significant impact on the Plaintiff's physical health.

87. The discrimination complained of affected plaintiff's mental and physical health.

88. Plaintiff has experienced and continues to experience feelings of humiliation, and felt degraded and demeaned by the conduct of the Defendants.

89. Plaintiff was not able to eat, to work, could not sleep, suffered loss of appetite, stopped caring for plaintiff's appearance and was easily agitated and was often anti-social.

90. Plaintiff has been seeing a mental health care provider to cope but has not fully pursued appropriate medical care as the costs associated with proper care is astronomical and the Plaintiffs are seriously budgeted at this time.

91. It is submitted that Punitive Damages are warranted here to punish the Defendants and to deter future similar actions by defendants and others similarly situated as defendants as the conduct complained of constitutes malicious and or reckless acts of discrimination.

92. The Plaintiff maintains that she is able to recover the above damages for Defendants' violations of various statutes, including Title VII and the NYCHRL.

93. Plaintiff also seeks damages under Title VII (per the Civil Rights Act of 1991) and the NYCHRL because the Defendants have engaged in intentional discrimination and has done so with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

94. The Plaintiff maintain that the Defendants targeted Plaintiff by (1) discriminating or

retaliating against the plaintiff with conscious knowledge that Defendant was violating the law, and the Defendants (2) engaged in egregious or outrageous conduct from which an inference of malice or reckless indifference could be drawn.

95.   Plaintiff notes that in this context, malice and reckless indifference refer to the defendant's knowledge that it may be acting in violation of law, rather than its awareness that it is engaging in discrimination.

96.   Plaintiff is entitled to punitive damages because the defendants' conduct is reprehensible.

97.   Plaintiff is entitled to attorney's fees.

98.   Title VII, the ADEA, the ADA, the FMLA, 42 U.S.C. § 1981, and the NYCHRL authorize the court to allow a prevailing party a reasonable attorney fee.

99.   The concept of attorney's fee is to encourage Plaintiffs to bring meritorious suits by providing Plaintiffs with a source of funds for retaining competent counsel.

**Defamation (Libel and Slander).**

100.   Defamation includes both libel and slander:

101.   Defamation consists of "the twin torts of libel and slander" and "is the invasion of the interest in a reputation and good name." Albert v. Loksen, 239 F.3d 256, 265 (2nd Cir. 2001) (quoting Hogan v. Herald Co., 84 A.D.2d 470,474,446 N.Y.S.2d 836, 839 (4th Dep't), aff'd, 58 N.Y.2d 630, 458 N.Y.S.2d 538 (1982)). Where, as in this case, the libelous statements are defamatory on their face ("libel per se") – that is, when there is no need to refer to explanatory matter to explain the defamatory meaning – general damages to the subject's reputation are presumed without the necessity of establishing any special damages. Defamation consists of "the twin torts of libel and slander" and "is the invasion of the interest in a reputation and good name." Albert v. Loksen, 239 F.3d 256, 265 (2nd Cir. 2001) (quoting Hogan v. Herald Co., 84 A.D.2d 470,474,446 N.Y.S.2d 836, 839 (4th Dep't), aff'd, 58 N.Y.2d 630, 458 N.Y.S.2d 538 (1982)).

13

102. Accordingly, if a jury finds libel per se, it is required to award damages to compensate the plaintiff for harm to her reputation.

103. As with libel per se, where the slanderous statements are defamatory on their face ("slander per se"), general damage to the plaintiff's reputation is conclusively presumed without any further showing. Contento v. Mitchell, 28 Cal. App. 3d 356, 358 (1972).

104. In this case, Plaintiff was subjected to slander per se and no privilege would attach as the false allegations being complained of caused the news papers and other media outlet to publish inaccurate reports that damaged Plaintiff's character and tarnished her reputation in the community.  Shamley v. ITT Corp., 869F.2d 167, 173 (2nd Cir.1989).

105. Slander per se entitles Plaintiff to an award of special damages, general damages (including separate elements for reputational harm and emotional distress) and punitive damages. Contento v. Mitchell, 28 Cal. App. 3d 356 (1972).

## AS AND FOR THE FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)

106. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "105" of the complaint with the same force and effect as if set forth at this point.

107. The above paragraphs are here incorporated by reference.

108. The officer defendants wrongfully, illegally, and unjustifiably arrested, detained, imprisoned, and falsely charged plaintiff, depriving her of her liberty.

109. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

110. At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

111. All of this occurred without any illegal conduct by plaintiff.

112. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

113. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of her constitutional rights secured by the United States Constitution.

114. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

115. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiff's interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

116. As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to her business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

### AS AND FOR THE SECOND CAUSE OF ACTION
### (MUNICIPAL LIABILITY)

117. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "116" of the complaint with the same force and effect as if set forth at this point.

118. The above paragraphs are here incorporated by reference.

119.    The City is liable for the damages suffered by plaintiff because, after learning of its

        employees' violations of New Yorkers' constitutional rights, the City has: failed to

        remedy the wrong; created a policy or custom under which unconstitutional practices

        regularly occur and even thrive; and has been grossly negligent in managing subordinates

        who cause the unlawful events. The result of the City's inaction is a culture within the

        NYPD where the same officers, the same units, and the same precincts repeatedly and

        routinely engage in acts of misconduct. By failing to properly train, supervise, and

        discipline its employees, agents, and servants, the City effectively encourages illegal,

        immoral, and unprofessional behavior.

120.    On numerous occasions over the span of many years, the City of New York has been

        alerted to the regular use of excessive force and the frequency of false arrests charges

        brought by its police officers.

121.    Despite having acquired such knowledge, the City has refused to appropriately sanction

        its employees' illegal behavior.

122.    The City's deliberate indifference to civil rights violations committed by individual

        police officers, as well as patterns of misconduct committed by the same officers or

        occurring in the same precinct has caused the constitutional violations against Plaintiff in

        this case.

123.    As a result of the New York State constitutional violations complained of, the Plaintiffs

        are entitled to fair and just compensation for the loss of the integrity and stability of the

        family units.

124.    It is submitted that all Defendants should be held jointly and severally liable for the acts

        and omissions and issues of law set forth above as one could not have succeeded in their

        goals against Plaintiffs' interest without the individual actions of the other and the issues

now being complained of are the direct result of the joint and individual acts of the Defendants.

125.   As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A THIRD CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

126.   Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "124" of the complaint with the same force and effect as if set forth at this point.

127.   The above paragraphs are here incorporated by reference.

128.   Plaintiff has suffered damages as a direct and proximate result of the unlawful conduct, acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

129.   That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

130.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "128" of the complaint with the same force and effect as if set forth at this point.

131.   The above paragraphs are here incorporated by reference.

132.   Plaintiff has suffered damages as a direct and proximate result of the negligent acts and omissions complained of above herein and continues to suffer psychological trauma, and

mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

133. That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (DEFAMATION/SLANDER/LIBEL)

134. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "133" of the complaint with the same force and effect as if set forth at this point.

135. The above paragraphs are here incorporated by reference.

136. Plaintiff has suffered damages as a direct and proximate result of the false allegations and statements made by Defendants about Plaintiff and the unlawful acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

137. That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (ATTORNEY'S FEES)

138. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "137" of the complaint with the same force and effect as if set forth at this point.

139. The above paragraphs are here incorporated by reference.

140. The Blue wall of silence and acquiescence has served as a source of social antagonism throughout the history of policing in the State of New York and in many instances,

civilians are bullied into submission by the illegal actions and omissions engaged in by the police as a means of maintaining control and forcing compliance.

141.    Plaintiff has suffered damages as a direct and proximate result of the false allegations and statements made by Defendants about Plaintiff and the unlawful acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

142.    That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (ATTORNEY'S FEES)

143.    Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "142" of the complaint with the same force and effect as if set forth at this point.

144.    The above paragraphs are here incorporated by reference.

145.    Plaintiff has incurred attorney's fees and has suffered damages as a direct and proximate result of the unlawful, acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

146.    That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## (MALICIOUS PROSECUTION)

147.    Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "146" of the complaint with the same force and effect as if set forth at this

point.

148. The above paragraphs are here incorporated by reference.

149. The defendants caused and or commenced, pursued and or maintain a criminal prosecution against Plaintiff.

150. Defendants knew or should have known the allegations were false and or predicated on prejudice, bias or hate.

151. The action was dismissed against Plaintiff.

152. The defendants' actions were malicious at best.

153. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

154. As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A NINTH CAUSE OF ACTION
### (HARASSMENT)

155. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "154" of the complaint with the same force and effect as if set forth at this point.

156. The above paragraphs are here incorporated by reference.

157. Defendants have engaged in a pattern of behavior against Plaintiff that serves no legitimate purpose and is intended to harass, annoy and alarm Plaintiff and to subject Plaintiff to public humiliation.

158.   This behavior by Defendants caused Plaintiff to worry constantly, to fear physical harm, to have difficulties sleeping and to constantly consider what if anything else Defendants will do to harass plaintiff.

159.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

160.   As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A TENTH CAUSE OF ACTION
## (FAILURE TO PROPERLY INVESTIGATE)

161.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "160" of the complaint with the same force and effect as if set forth at this point.

162.   The above paragraphs are here incorporated by reference.

163.   Defendants took no steps to investigate and as a direct result of such failure, Plaintiffs were injured irreparably.

164.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

165.    As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## (PUNITIVE DAMAGES)

166.    Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "165" of the complaint with the same force and effect as if set forth at this point.

167.    The above paragraphs are here incorporated by reference.

168.    Defendants have engaged in behavior against Plaintiff that is absolutely reprehensible and warrants a finding that Plaintiffs' conduct rises to the highest degree of reprehensibility.

169.    It is respectfully submitted that no amount of compensatory damages that Plaintiff is awarded can offset any punitive damages that Plaintiff should be entitled to from Defendant.

170.    Plaintiff was affected, professionally, personally and emotionally by Defendants' conduct and punitive damages are warranted and necessary.

171.    It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

172.    As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (FRAUD)

173.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "172" of the complaint with the same force and effect as if set forth at this point.

174.   The above paragraphs are here incorporated by reference.

175.   The Defendants has fraudulently raised claims against Plaintiff that led to her arrest, prosecution, detention and wrongful termination, none of which would have occurred but for Defendants' false statements.

176.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

177.   As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (LEGAL FEES, COSTS AND DISBURSEMENTS)

178.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "177" of the complaint with the same force and effect as if set forth at this point.

179.   The above paragraphs are here incorporated by reference.

180.   Based on the false allegations, misrepresentations and other acts and omissions by Defendants against Plaintiffs, Plaintiffs have incurred attorney's fees and costs in

defending this malicious and frivolous prosecution, and will most likely incur costs and disbursements and additional attorney's fees as the matter progress.

181.   Defendants should be required to pay for all attorney's fees, legal fees, cost and disbursements incurred by Plaintiff as the criminal matters had no valid basis and was reported and pursued solely for the purpose of harassing annoying and alarming Plaintiff.

182.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

183.   As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

<u>AS AND FOR A FOURTEENTH CAUSE OF ACTION</u>
<u>(ACTING IN CONCERT/CONSPIRACY)</u>

184.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "183" of the complaint with the same force and effect as if set forth at this point.

185.   The above paragraphs are here incorporated by reference.

186.   The Defendants acting in concert with each other did conspire to hide evidence, to omit facts pertinent to the criminal case, ACS matter and other pertinent issues in this case, and did agree to proceed with actions, omissions and malfeasance for to suppress the rights and privileges Plaintiffs are entitled to.

187.   Based on the false allegations, misrepresentations and other acts and omissions by Defendants against Plaintiffs, Plaintiffs have incurred attorney's fees and costs in

24

defending this malicious and frivolous prosecution, and will most likely incur costs and disbursements and additional attorney's fees as the matter progress.

188.   Defendants should be required to pay for all attorney's fees, legal fees, cost and disbursements incurred by Plaintiff as the criminal matters had no valid basis and was reported and pursued solely for the purpose of harassing annoying and alarming Plaintiff.

189.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

190.   As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## DAMAGES

191.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "190" of the complaint with the same force and effect as if set forth at this point.

192.   Plaintiff is seeking punitive damages against Defendant.

193.   Plaintiff is seeking compensatory damages against Defendant.

194.   Plaintiff is seeking actual damages against Defendant.

195.   Plaintiff is seeking incidental damages against Defendant.

196.   Plaintiff is seeking attorney's fees, cost and disbursements in litigating this matter.

197.   Plaintiff can recover punitive damages in the instant action because punitive or exemplary damages may be awarded where the defendant's conduct amounts to such gross, wanton or willful fraud, dishonesty, or malicious wrongdoing as to involve a high

degree of moral culpability, making it appropriate to deter the defendants from engaging in similar conduct in the future and to induce the victim to take action against the wrongdoer," Whitney v. Citibank, N.A., 782 F.2d 1106, 1118 (2d Cir. 1986) (citing Walker v. Sheldon, 10 N.Y.2d 401, 404–05 [1961]).

198. Here the courts should grant punitive damages as a means of punishing Defendants for their actions which are "morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant, and to deter such future conduct by Defendant, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future," Seynaeve v. Hudson Moving & Storage, Inc., 261 A.D.2d 168, 169 (1st Dept. 1999) (quoting Walker v. Sheldon, 10 N.Y.2d 401, 404 [1961]).

199. Plaintiff maintains that punitive damages are appropriate here because Defendant's conduct was intentionally harmful conduct, willfully or wantonly negligent and or reckless. Fordham-Coleman v. Nat'l Fuel Gas Distribution Corp., 42 A.D.3d 106, 113, 834 NYS.2d 422, 428 (4th Dept. 2007).

200. The punitive damages being sought here are recoverable because Defendants acted with the degree of malice akin to the mens rea required for most crimes. Jeffries v. Harleston, 21 F.3d 1238, 1249, cert. granted, vacated on other grounds, 513 U.S. 996 (1994).

201. While punitive damage is not a separate cause of action, it is well settled that Plaintiff can recover punitive damages here upon establishing the underlying claims outlined in the causes of action. In re Pfohl Bros. Landfill Litig., 26 F.Supp.2d 512, 548 vacated Freier v. Westinghouse Elec. Corp., 303 F.3d 176 (WDNY 1998).

202. Plaintiff concedes that punitive damages are never awarded as of right, no matter how egregious defendant's conduct, In re Simon II Litigation, 211 FRD 86, 162 (EDNY 2002), vacated, Simon II Litig. v. Philip Morris USA Inc. (In re Simon II Litig.), 407 F.3d 125 (2d Cir. 2005).

203. Plaintiff maintains that even if plaintiff suffers only minimal damage, willful and intentional misconduct may be basis for award of punitive damages, In re Baker, 18 B.R. 243, 245 (Bankr. WDNY 1982).

204. In addition, Plaintiff concedes that the courts have made it clear that punitive damages are generally not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights, Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 358 (1976).

205. Nor may they be recovered for an isolated breach of contract even if it is willful and without justification, Campo v. 1st Nationwide Bank, 857 F.Supp. 264, 273 (EDNY 1994). Punitive damages may be awarded in a tort action arising from the parties contractual relationship if the plaintiff demonstrates; (1) that the defendant's conduct is actionable as independent tort; (2) the tortious conduct is of an egregious nature; (3) the egregious conduct is directed toward the plaintiff; (4) the defendant's conduct is part of a pattern directed at the public generally.  Conocophillips v. 261 E. Merrick Rd. Corp., 428 F.Supp.2d 111, 129 (EDNY 2006).

206. New York law provides that fraudulent conduct may give rise to punitive damages; however, mere fraud is insufficient to support a claim of punitive damages. Evil and reprehensible motives are still required. Solutia Inc. v. FMC Corp., 456 F.Supp.2d 429, 453 reconsideration denied (SDNY 2006).

207. Here, Plaintiff can recover punitive damages for emotional distress, because the Plaintiff has shown that defendant engaged in extreme or outrageous conduct which intentionally or recklessly caused severe emotional distress to plaintiff.

208. Here, Defendants' conduct was not merely incidental to proper business motives and thus the damages being sought are appropriate. O'Dell v. New York Prop. Ins. Underwriting Assn., 145 A.D.2d 791, 792, 535 NYS.2d 777, 779 (3d Dept. 1988).

209.    All of the damages being sought above herein are based upon the causes of actions being pursued herein, and are based on the unlawful acts and/or omissions by Defendants which are the direct and proximate cause/result of the damages Plaintiffs now complain of and form the basis of the causes of action being pursued by Plaintiffs against Defendant.

**WHEREFORE**, Plaintiff respectfully demands and requests judgment against the Defendants as follows:

a)    On Plaintiff's First cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

b)    On Plaintiff's second cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

c)    On Plaintiff's Third cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

d)    On Plaintiff's Fourth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

e)    On Plaintiff's Fifth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not

now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

f)      On Plaintiff's Sixth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

g)      On Plaintiff's Seventh cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

h)      On Plaintiff's Eighth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

i)      On Plaintiff's Ninth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

j)       On Plaintiff's Tenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

k)      On Plaintiff's Eleventh cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not

29

now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

l)      On Plaintiff's Twelfth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

m)      On Plaintiff's Thirteenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

n)      On Plaintiff's Fourteenth  cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

210.    As to all causes of action, punitive, compensatory, incidental and actual damages, in an amount to be determined by the trier of facts and consistent with the laws of the State of New York; and

211.    A grant of such other and further relief as this Court shall deem just and proper.

212.    It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiff's interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

213.    As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

**WHEREFORE,** plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.    An Order granting Plaintiffs' demand for judgment against Defendants jointly and severally; and

B.    An Order granting Plaintiff's demand for a money judgment of $1,000,000, representative of the $1,000,000.00 for the fourteenth (14) causes of action plus $1,000,000.00 in punitive damages, in favor of Plaintiff against Defendants jointly and severally for each cause of action; and

C.    An Order granting Plaintiffs' request to proceed with their State Court claims simultaneously with the Federal Court claims being pursued in this matter; and

D.    An Order directing Defendants from engaging in any actions against Plaintiffs' interest that are intended to be retaliatory or otherwise punitive against Plaintiffs; and

E.    An Order awarding Plaintiffs punitive damages in an amount exceeding the jurisdictional limits of all the lower courts for each cause of action,

C.    Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.    Awarding Plaintiffs such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:    Queens, NY
               February 27, 2021

Yours, etc.,

/s/ *Audrey A. Thomas, Esq.*

AUDREY A. THOMAS, ESQ.
(PART 130 CERTIFICATION)
THE LAW OFFICE OF AUDREY
THOMAS, PLLC
245-07 FRANCIS LEWIS BLVD
ROSEDALE, NY 11422
718-276-2729 (PH) 718-276-0196(FX)
audreythomasesq@gmail.com

_____

By: AUDREY A. THOMAS,
      (4050548)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
SHERENA STENNETT, INDIVIDUALLY; SHERENA
STENNETT AS THE NATURAL MOTHER AND
GUARDIAN OF S.C. REYNOLDS A MINOR AND          INDEX#:
Z.K. KERR, A MINOR; S.C. REYNOLDS A MINOR;
AND, Z.K. KERR, A MINOR                        **CERTIFICATE OF MERIT**

                                                Plaintiffs,

        -against-

NEW YORK CITY ADMINISTRATION FOR
CHILDREN'S SERVICES (ACS); DAVID A. HANSELL,
Commissioner of the New York City Administration for
Children's Services, in his official capacity; ACS CASE
WORKER N ARGAN, INDIVIDUALLY AND AS AN
AGENT OF ACS; ACS CASE WORKER SUPERVISOR
M THOMPSON, INDIVIDUALLY AND AS AN AGENT
OF ACS; HONORABLE ERIC GONZALEZ IN HIS
CAPACITY AS THE DISTRICT ATTORNEY KINGS
COUNTY; THE NEW YORK CITY POLICE
DEPARTMENT; THE CITY OF NEW YORK;
STEPHANIE NEWBALD, INDIVIDUALLY, AS THE
PARENT AND LEGAL GUARDIAN OF C.
MCDONALDS, A MINOR, AND AS AN AGENT OF
THE NEW YORK CITY POLICE DEPARTMENT; JANE
DOES 1-5 INDIVIDUALLY AND AS AGENTS OF THE
NEW YORK CITY POLICE DEPARTMENT, SAID
NAMES BEING FICTITIOUS AND INTENDED TO
REPRESENT THE FEMALE OFFICERS WHOSE
NAMES ARE NOT KNOWN TO PLAINTIFFS AT THIS
TIME; AND JOHN DOES 1-5 INDIVIDUALLY AND AS
AGENTS OF THE NEW YORK CITY POLICE
DEPARTMENT, SAID NAMES BEING FICTITIOUS
AND INTENDED TO REPRESENT THE MALE
OFFICERS WHOSE NAMES ARE NOT KNOWN TO
PLAINTIFFS AT THIS TIME,
                                 Defendants.
--------------------------------------------------------------------X

WE, AUDREY A. THOMAS, ESQ., PLAINTIFFS' ATTORNEYS IN THIS ACTION, HAVE
CONSULTED WITH AT LEAST ONE DOCTOR WHO IS KNOWLEDGEABLE ON THE
RELEVANT ISSUE AND I HAVE CONCLUDED THAT THERE IS A REASONABLE
BASIS FOR THE COMMENCEMENT OF THIS ACTION.

Pursuant to CPLR 3012-a, we affirm this Certificate of Merit under penalties of perjury.

February 27, 2021

Yours, etc.,

*/s/ AUDREY A. THOMAS*

(Part 130 Certification)

AUDREY A. THOMAS, ESQ.

THE LAW OFFICE OF AUDREY THOMAS PLLC

245-07 FRANCIS LEWIS BLVD

ROSEDALE, NY 11422

718-276-2729 (PH)

718-276-0196(FX)

audreythomasesq@gmail.com

_____

By: AUDREY A. THOMAS, (4050548)