

| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | CHRISTOPHER G. ARKO<br>*Senior Counsel*<br>(212) 356-5044<br>(212) 356-3509 (fax)<br>carko@law.nyc.gov |
|---|---|---|

March 25, 2021

**By ECF**
Hon. Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Sherena Stennett, et al. v. New York City Administration for Children's Services, et al., 21 CV 1069 (FB)(RLM)

Your Honor:

      I am a Senior Counsel in the New York City Law Department, attorney for defendants City of New York, New York City Administration for Children's Services ("ACS"), New York City Police Department ("NYPD"), Eric Gonzalez, and David A. Hansell in this action. I write to respectfully request a 60 day enlargement of time, from April 8, 2021 until June 7, 2021, to answer or otherwise respond to the complaint on behalf of defendants City, ACS, NYPD, Gonzalez, and Hansell, and that the Court grant, *sua sponte*, any individual defendant who is currently employed by the City and who may have been served with process a corresponding amount of time to respond to the complaint. Plaintiff's counsel consents to this request. No previous request for an extension of time to respond to the complaint has been made in this action.

      The reason for this request is that, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations in the complaint. In order to investigate the allegations in the complaint and meaningfully respond thereto, this office must review the relevant documents. Here, plaintiff alleges, *inter alia*, that on or about February 14-15, 2018, she was falsely arrested and maliciously prosecuted by members of the New York City Police Department. She further alleges that she was injured by defendant Newbald, and that ACS opened an investigation into her. Plaintiff further alleges that the Kings County District Attorney's Office terminated related criminal proceedings in her favor, and it is our understanding that the records of the underlying criminal actions are sealed pursuant to New York Criminal Procedure Law § 160.50. This office awaits an executed consent and authorization form for the release of sealed arrest and criminal prosecution records as well as a HIPAA authorization in order to obtain the relevant documents so that defendants can evaluate the claims in the complaint and properly respond to the allegations therein.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

/s/ *Christopher G. Arko*

Christopher G. Arko
Senior Counsel

cc: Audrey A. Thomas, Esq. (By ECF)
*Attorney for Plaintiff*