

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY  10007 | CHRISTOPHER G. ARKO<br>*Senior Counsel*<br>(212) 356-5044<br>(212) 356-3509 (fax)<br>carko@law.nyc.gov |

April 27, 2021

**By ECF**
Hon. James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    <u>Sherena Stennett, et al. v. City of New York, et al.</u>,
               21 CV 1069 (FB)(JRC)

Your Honor:

       I am a Senior Counsel in the New York City Law Department, attorney for defendants City of New York, New York City Administration for Children's Services ("ACS"), New York City Police Department ("NYPD"), Eric Gonzalez, and David A. Hansell in this action. I write to respectfully request that the Court order plaintiff to provide an executed 160.50 release, HIPAA authorization, and employment record release by a date certain.

       By way of background, plaintiff Sherena Stennett alleges that on or about February 14, 2018 to February 15, 2018, she was involved in a physical altercation with defendant Stephanie Newbald in an apartment the two women and their families shared. Plaintiff Sherena Stennett alleges, *inter alia*, that she suffered physical injury during the altercation, and that she was falsely arrested and maliciously prosecuted in connection with the altercation. She further appears to allege that she suffered negative consequences at her job as a result of the incident.

       On March 24, 2021, defendants emailed plaintiff's counsel a blank a 160.50 release, HIPAA authorization, and employment record release. Defendants followed up with counsel regarding the releases by email on April 5, April 13, and April 19. Counsel responded to defendants' April 13 email stating that she is "getting a vet (*sic*) COVID complications" and is "behind on all of [her] work." While I wish counsel well in her recovery, defendants require the aforementioned releases to move forward with this case. In defendants' April 19 email, they informed plaintiff that if they did not receive the releases by April 23 they would have to seek court intervention. Plaintiff did not respond to this email, and to date defendants have not received the executed releases.

On April 14, Magistrate Judge Mann issued an Order directing plaintiff to execute and provide the releases "promptly." Defendants cannot begin accessing sealed documents related to plaintiff's arrest and prosecution, plaintiff's medical records, and any pertinent employment records until they have received the requisite releases. Defendants therefore respectfully request that the Court order plaintiff to execute these releases and produce them by a date certain.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

/s/

Christopher G. Arko
Senior Counsel

cc:    Audrey A. Thomas, Esq. (By ECF)
*Attorney for Plaintiff*