UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
SHERENA STENNETT, INDIVIDUALLY; SHERENA
STENNETT AS THE NATURAL MOTHER AND
GUARDIAN OF S.C. REYNOLDS A MINOR AND                    INDEX#: 21-01069
Z.K. KERR, A MINOR; S.C. REYNOLDS A MINOR;
AND, Z.K. KERR, A MINOR                                           **COMPLAINT AND**
                                           Plaintiffs,         **JURY DEMAND**

            -against-

NEW YORK CITY ADMINISTRATION FOR
CHILDREN'S SERVICES (ACS); DAVID A. HANSELL,
Commissioner of the New York City Administration for
Children's Services, in his official capacity; ACS CASE
WORKER N ARGAN, INDIVIDUALLY AND AS AN
AGENT OF ACS; ACS CASE WORKER SUPERVISOR
M THOMPSON, INDIVIDUALLY AND AS AN AGENT
OF ACS; HONORABLE ERIC GONZALEZ IN HIS
CAPACITY AS THE DISTRICT ATTORNEY KINGS
COUNTY; THE NEW YORK CITY POLICE
DEPARTMENT; THE CITY OF NEW YORK;
STEPHANIE NEWBALD, INDIVIDUALLY, AS THE
PARENT AND LEGAL GUARDIAN OF C.
MCDONALDS, A MINOR, AND AS AN AGENT OF
THE NEW YORK CITY POLICE DEPARTMENT; JANE
DOES 1-5 INDIVIDUALLY AND AS AGENTS OF THE
NEW YORK CITY POLICE DEPARTMENT, SAID
NAMES BEING FICTITIOUS AND INTENDED TO
REPRESENT THE FEMALE OFFICERS WHOSE
NAMES ARE NOT KNOWN TO PLAINTIFFS AT THIS
TIME; AND JOHN DOES 1-5 INDIVIDUALLY AND AS
AGENTS OF THE NEW YORK CITY POLICE
DEPARTMENT, SAID NAMES BEING FICTITIOUS
AND INTENDED TO REPRESENT THE MALE
OFFICERS WHOSE NAMES ARE NOT KNOWN TO
PLAINTIFFS AT THIS TIME,
                                           Defendants.
---------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seek relief for among other acts and or omissions, the violation of her rights secured by 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and the constitution of the State of New York.

2.      The claims arise from an incident that occurred on or about February 14, 2018 wherein

which the police officers and police sergeant named above herein as defendants made false statements about Sherena Stennett to members of the District Attorney's Office Kings County that led to Sherena Stennett being arrested prosecuted and said statements were made after Sherena Stennett was subjected to the false arrest and detention by said members of the police department and assaulted by Stephanie Newbald an officer of the New York City Police Department.

3.   The Minor Plaintiffs S.C. REYNOLDS and Z.K. KERR, witnessed the malicious and unjustified actions by the members of the New York City Police Department, ACS, The City of New York and other Defendants, that were committed against Sherena Stennett and are to date still experiencing the stress and trauma of observing these traumatic events.

4.   As a direct result of the acts, omissions and false allegations by the Defendants, and the failure of the New York City Police Department to investigate the allegations pertinent to said incident, Plaintiff Sherena Stennett, was unlawfully and unjustly arrested by members of the New York City Police department, was prosecuted in the Criminal Court of the State of New York on Felony and Misdemeanor assault and other charges, the same were subsequently dismissed and sealed, but not before Sherena Stennett was pulled out of work, pursued and indicated by ACS and made to suffer serious emotional disturbance, loss of wages, loss of her good name in the community and to incur fees, costs and disbursements she otherwise would not have incurred.

5.   The Defendants ACS and Honorable Eric Gonzalez, did not properly investigate these allegations and therefore furthered the malicious and unjustified actions perpetrated against Plaintiffs that are now the subject of this law suit.

6.   The New York City Police Department and the City of New York also failed to properly investigate these claims and contributed to the damages now complained of.

2

## THIS ACTION IS TIMELY

7. This action involves State Court claims as well as Federal claims against the Defendants.

8. It is submitted that the Plaintiff's action is timely and thus the Court should permit the Defendants to proceed accordingly.

9. The Plaintiffs, have issues that continue to present daily.

10. The acts and or omissions by Defendants against Plaintiffs' interest are on-going and the time to pursue the claims Plaintiffs have against Defendants has not run.

11. Plaintiffs have suffered and continues to suffer the emotional crisis that has resulted from the acts and omissions committed by the Defendants against Plaintiffs' interests

12. The arrest and transactions and occurrences that gave rise to this action occurred on or about February 15, 2018.

13. The charges pertinent to this action were dismissed on February 28, 2019.

14. The Plaintiffs commenced this action on February 27, 2021.

## JURISDICTION

15. This action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

16. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

17. The amount in controversy exceeds $75,000.00 excluding interest and costs.

18. Venue is laid within the United States District Court for the Eastern District of New York in that Defendants are all located in or within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

19. Since it is submitted that the Court has jurisdiction to hear the Federal Court causes of action listed below herein, this Court should recognize the Plaintiff's right to invoke the supplemental jurisdiction of this Court to adjudicate the pendent State law claims

3

pursuant to 28 U.S.C. §1367.

## PARTIES

20.   At all times relevant to this action, Plaintiff SHERENA STENNETT, hereafter referred to as "Sherena" "Ms. Stennett" "Plaintiff Stennett" or "Plaintiff," was a resident of the State of New York, Queens County.

21.   Sherena Stennett is currently a resident of the State of New York, Queens County.

22.   At all times relevant to this action, Plaintiff S.C. REYNOLDS, hereafter referred to as "S.C. REYNOLDS" "The Minor Reynolds" "Plaintiff Reynolds" or "Plaintiff," was a resident of the State of New York, Queens County.

23.   S.C. REYNOLDS is currently a resident of the State of New York, Queens County.

24.   At all times relevant to this action, Plaintiff Z.K. KERR, hereafter referred to as "Z.K. KERR" "The Minor Kerr" "Plaintiff Kerr" or "Plaintiff" was a resident of the State of New York, Queens County.

25.   Z.K. KERR is currently a resident of the State of New York, Queens County.

26.   At all times relevant to this action, Defendants, NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES (ACS); DAVID A. HANSELL, Commissioner of the New York City Administration for Children's Services, in his official capacity, hereafter referred to as "ACS" "The ACS Defendants" and "Defendant" is a government agency, operating within the State of New York.

27.   Defendant Honorable Eric Gonzalez, herein after "The District Attorney" "Honorable Eric Gonzalez, and "Defendant" is sued in his official capacity as the District Attorney for Kings County.

28.   Defendant, THE NEW YORK CITY POLICE DEPARTMENT, is a municipal agency of the Defendant, CITY OF NEW YORK.

29.   Defendant, CITY OF NEW YORK, is and was at all times relevant herein a municipal

entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk identical to the maintenance of a police force and the employment of Police Officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendants, Stephanie Newbald, Jane Doe 1-5 and John Doe 1-5.

30. At all times relevant hereto, the defendant Stephanie Newbald is the natural mother of C. McDonalds, a minor, and is an employee of the New York City Police Department.

31. At all times relevant herein defendants, Police Officer Stephanie Newbald, Jane Doe 1-5 and John Doe 1-5 were acting under color of the laws, statutes, ordinances, regulation, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of the their duties and function as officers, agents, servants, and employees of the Defendant CITY OF NEW YORK, were acting for , and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties. They are being sued individually and in their official capacity.

32. By the conduct, acts, and omissions complained of herein, defendants, Police Officer Stephanie Newbald, Jane Doe 1-5 and John Doe 1-5 violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments of the United States Constitution of which reasonable police officer under the circumstances would have known.

33. Moreover, the conduct and acts of Defendants Police Officer Stephanie Newbald, Jane Doe 1-5 and John Doe 1-5, caused the members of the District Attorney's office Kings

5

County, ACS and other defendants sued herein to violate clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments of the United States Constitution of which reasonable police officer under the circumstances would have known.

34.    The Defendants all acting in concert with each other conspired and agreed and collaborated to violate the rights and privileges the Plaintiffs enjoy both under the State and Federal Constitutions.

## FACTUAL ALLEGATIONS

35.    On or about and between February 14, 2018 and February 15, 2018, the Plaintiffs were at home, in Brooklyn, NY.

36.    At the time, Defendants, Sylbert Reynolds, Stephanie Newbald, C. McDonald, and Gaynel Reynolds were living in the home together in Brooklyn, NY.

37.    During the time the persons named above herein were cohabiting, Plaintiff Sherena Stennett was coming out of the kitchen and observed C. McDonald sitting in the living room at the home with Plaintiff S. Reynolds.

38.    Plaintiff Sherena Stennett observed that C. McDonald's penis was exposed and heard C. McDonald say to Plaintiff S. Reynolds, touch it and Plaintiff S. Reynolds refused.

39.    C. Reynolds, a minor, made the same demand repeatedly and on each occasion Plaintiff Sherena Stennett heard S. Reynolds refuse.

40.    Plaintiff Sherena Stennett intervened by first telling C. McDonald to stop what he was doing and then by telling S. Reynolds to leave the living room.

41.    Plaintiff Sherena Stennett immediately went to Defendant Stephanie Newbald's bedroom and reported what Plaintiff observed C. McDonald doing to Plaintiff S. Reynolds, as Stephanie Newbald is the natural mother and guardian of C. McDonald.

42.    When Plaintiff Sherena Stennett told Stephanie Newbald what Plaintiff observed,

6

Stephanie Newbald became irate, in that, Stephanie Newbald stated "this is why yall need to get the fuck up out of my house, this is why I don't want yall the fuck up in here."

43. Stephanie Newbald then entered Plaintiff Sherena Stennett's bedroom and proceeded to throw a turtle tank at Plaintiff.

44. Stephanie Newbald, cursed and yelled at Plaintiffs, pulled plaintiff's clothing out of the dresser drawers and closet and threw them out into the hallway at the home.

45. Stephanie Newbald knocked over the items on the dresser and then picked up a fan and struck Plaintiff Sherena Stennett in the face.

46. Stephanie Newbald threw clothing at the Minor Plaintiffs.

47. Stephanie Newbald threw the lotion bottles and other items that were on the dresser at the minor plaintiffs and then ran to the kitchen and grabbed a knife and lunged at Plaintiffs with said knife.

48. Plaintiffs were screaming and the yelling for help to no avail.

49. Sherena Stennett screamed for help and tried to shield the minor Plaintiffs from Stephanie Newbald's assault.

50. Stephanie Newbald attacked Sherena Stennett and struck Sherena Stennett about the body and face with a pair of metal crutches as Sherena Stennett tried desperately to shield herself and the minor plaintiffs from Stephanie Newbald.

51. Sherena Stennett screamed for help and Sylbert intervened.

52. Stephanie Newbald attacked Sylbert when he tried to stop Stephanie Newbald from attacking Plaintiffs.

53. Sylbert called the police and Stephanie Newbald, ran out of the home and called the police screaming "officer needs assistance, officer needs assistance."

54. This began defendants agreement to violate Plaintiff's rights.

55. Thereafter, several members of the New York City Police departments arrived at the

7

home where the incident occurred and when said officers arrived, Sherena Stennett told the police officers what happened.

56. The officers took Sherena Stennett to the hospital as the assault with the pair of crutches against Sherena by Stephanie Newbald caused a laceration to Sherena's face and several of Sherena Stennett's teeth were broken.

57. The police later placed Sherena Stennett under arrest at the hospital and charged her with the following charges:

   a) PL 120.05 (02)  ASSAULT IN THE SECOND DEGREE A D FELONY

   b) PL 120.00 (1)  ASSAULT IN THE THIRD DEGREE AN A MISDEMEANOR

   c) PL 120.14 (1) MENACING A CLASS A MISDEMEANOR

   d) PL 260.10 (1) ENDANGERING THE WELFARE OF A CHILD A CLASS A MISDEMEANOR

   e) PL 265.01(02) CRIMINAL POSSESSION OF A WEAPON  A CLASS A MISDEMEANOR

   f) PL 240.26 (1) HARASSMENT A VIOLATION

   g) PL 102.15 MENACING A CLASS B MISDEMEANOR

58. The felony charge was dismissed and sealed on 5/15/2018.

59. The remaining charges were dismissed and sealed on 2/28/2019.

60. Despite the evidence available at the scene, the harm caused to Plaintiff by Defendant Newbald and the available witness, Stephanie Newbald and her fellow police officers supported each other in violating Plaintiff's rights by unlawfully arresting her and each refusing to intervene to stop the unlawful arrest and prosecution that would ensue.

61. Defendants acted maliciously to support Defendant Stephanie Newbald, who had attached Plaintiff without cause and then conspired with her fellow police officers to have Plaintiff arrested, prosecuted and investigated.

62.   After the Plaintiff Sherena Stennett was arrested, the ACS Defendants opened an investigation against Sherena Stennett and later indicated her for child endangerment in connection to the arrest.

63.   Sylbert told the police, members of the District Attorney's officer and ACS what happened and in fact reported that Stephanie Newbald was the aggressor and that Sherena Stennett consistently tried to leave.

64.   The officers were inside of the home and thus could observe that all of the Plaintiffs' clothes and personal items were scattered about the hallway and Plaintiffs' bedroom.

65.   The officers did not take any photos, did not collect any evidence and did not preserve the crime scene to ensure that a proper investigation would be done.

66.   Moreover, despite having full knowledge of the fact that C. Reynolds, a minor  exposed his penis to the Minor Plaintiff and all of the evidence pertinent to the acts of extreme aggression Christian Reynold's mother, officer Stephanie Newbald engaged in against Plaintiffs in retaliation for Plaintiffs' complaint against C. Reynolds, a minor , the Defendants all acting in concert took steps against the Plaintiffs that are illegal, unjustified and intended to shield Stephanie Newbald, a fellow police officer, and C. Reynolds, a minor,  from accountability.

67.   As a direct and proximate result of the actions, omissions and malfeasance that Plaintiffs now complain of, the Plaintiff Sherena Stennett suffered serious injuries, was pulled out of the classroom, suffered public humiliation and shame, had several medical procedures to fix her teeth, incurred medical bills she otherwise would not have incurred, has been in therapy and the minor plaintiffs have suffered severe psychological trauma and are in counseling for the same.

68.   Because Plaintiff Stennett worked in a school, the ongoing investigation prevented her from working due to the ACS investigation caused by Defendant's false allegations,

unlawful arrest and malicious prosecution.

69. Plaintiff Stennett's medical issues are in fact ongoing and continue to cause her pain and embarrassment.

70. It is submitted that these actions of the Defendants acting jointly and severally were malicious, conspiratorial and form the basis of the claims being set forth herein.

71. As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to her reputation, ability to earn a living, has been excluded from work, and has suffered injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 False Arrest)

72. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "72" of the complaint with the same force and effect as if set forth at this point.

73. The above paragraphs are here incorporated by reference.

74. The officer defendants wrongfully, illegally, and unjustifiably arrested, detained, imprisoned, and falsely charged plaintiff, depriving her of her liberty.

75. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

76. At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

77. All of this occurred without any illegal conduct by plaintiff.

78. In fact, all illegal conduct was perpetrated by Stephanie Newbald who assaulted Plaintiff then proceeded to recruit other Police officer's to arrest Plaintiff by claiming "Officer in

10

need of assistance."

79. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

80. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of her constitutional rights secured by the United States Constitution.

81. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

82. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiff's interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

83. As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damages which are not yet fully ascertainable.

## AS AND FOR THE SECOND CAUSE OF ACTION
## (MUNICIPAL AND SUPERVISOR LIABILITY)

84. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "84" of the complaint with the same force and effect as if set forth at this point.

85. The above paragraphs are here incorporated by reference.

86. The City is liable for the damages suffered by plaintiff because, after learning of its employees' violations of New Yorkers' constitutional rights, the City has: failed to

remedy the wrong; created a policy or custom under which unconstitutional practices regularly occur and even thrive; and has been grossly negligent in managing subordinates who cause the unlawful events. The result of the City's inaction is a culture within the NYPD where the same officers, the same units, and the same precincts repeatedly and routinely engage in acts of misconduct. By failing to properly train, supervise, and discipline its employees, agents, and servants, the City effectively encourages illegal, immoral, and unprofessional behavior.

87.   The NYPD has for decades refused to address the "Blue Code of Silence" where officers witness wrongdoing by their counterparts and take no action to intervene.

88.   Despite having such knowledge, the City has refused to appropriately sanction its employees' illegal behavior.

89.   In fact, as is the case here, the officer supported Defendant Newbald by arresting Plaintiff despite it being clear that Defendant Newbald was the perpetrator and in then failing to properly investigate the scene of a crime in which one of their own was clearly the perpetrator.

90.   The City's deliberate indifference to civil rights violations committed by individual police officers, as well as patterns of misconduct committed by the same officers or occurring in the same precinct has caused the constitutional violations against Plaintiff in this case.

91.   The Blue Code of silence is an entrenched custom of the NYPD which has led to Plaintiff being deprived of her constitutional rights.

92.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the

12

Defendants and the refusal of the City of New York and the NYPD to train these officers appropriately or weed out bad actors.

93.     As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damages which are not yet fully ascertainable.

## AS AND FOR A THIRD CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

94.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "94" of the complaint with the same force and effect as if set forth at this point.

95.     The above paragraphs are here incorporated by reference.

96.     Plaintiff has suffered damages as a direct and proximate result of the unlawful conduct, acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

97.     Defendant Newbald physically attached Plaintiff and then used her position as an NYPD Officer to have Plaintiff arrested.

98.     This knowing and outrageous act by Defendant directly led to Plaintiff Stennett being physically injured, arrested, jailed and prosecuted.

99.     Defendant Newbald and her fellow officers are members of the NYPD and are fully aware of the emotional distress that physical harm, arrest and prosecution cause from their experience with actual criminals.

100.    That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

101.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "101" of the complaint with the same force and effect as if set forth at this point.

102.   The above paragraphs are here incorporated by reference.

103.   Defendants failed to properly investigate the criminal charges against the Plaintiff and the case brought by ACS despite their duty to thoroughly investigate criminal prosecutions and child abuse or neglect.

104.   Despite this duty, no proper investigation was completed and Plaintiff was made to suffer the stress and anxiety of potentially losing her freedom, career and children.

105.   Plaintiff has suffered damages as a direct and proximate result of the negligent acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

106.    That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (DEFAMATION/SLANDER/LIBEL)

107.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "107" of the complaint with the same force and effect as if set forth at this point.

108.   The above paragraphs are here incorporated by reference.

109.   Defendant's falsely accused Plaintiff Stennett of committing a crime, referred her to the District Attorney and repeated these claims to ACS which then relayed these allegations to Plaintiff's employer depriving her of her ability to work as she did before Defendant's

14

actions.

110.     Plaintiff has suffered damages as a direct and proximate result of the false allegations and statements made by Defendants about Plaintiff and the unlawful acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

111.     That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (ATTORNEY'S FEES)

112.     Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "112" of the complaint with the same force and effect as if set forth at this point.

113.     The above paragraphs are here incorporated by reference.

114.     Plaintiff was forced to retain counsel to defend herself against meritless criminal prosecution.

115.     Plaintiff incurred attorney's fees and has suffered damages as the direct and proximate result of the unlawful acts and omissions complained of herein.

116.     Plaintiff has suffered damages as a direct and proximate result of the false allegations and statements made by Defendants about Plaintiff and the unlawful acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

117.     That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(MALICIOUS PROSECUTION AND FAILURE TO INVESTIGATE)**

118. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "118" of the complaint with the same force and effect as if set forth at this point.

119. The above paragraphs are here incorporated by reference.

120. The defendants caused and or commenced, pursued and or maintain a criminal prosecution against Plaintiff.

121. Defendants took no steps to investigate and as a direct result of such failure, Plaintiffs were injured irreparably.

122. Defendants knew or should have known the allegations were false and or predicated on prejudice, bias or hate.

123. The action was dismissed against Plaintiff.

124. The defendants' actions were malicious at best.

125. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

126. As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damages which are not yet fully ascertainable.

**AS AND FOR A EIGHT CAUSE OF ACTION**
**(HARASSMENT 42 USC § 1983 )**

127. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "127" of the complaint with the same force and effect as if set forth at this point.

128.   The above paragraphs are here incorporated by reference.

129.   Plaintiff witnessed Defendant's minor child exposing himself to her own minor child.

130.   Upon Plaintiff attempting to report this behavior to Defendant Newbald, she was attacked and Defendant Newbald set in motion the criminal prosecution against Plaintiff to prevent her from reporting the actions of Defendant's child.

131.   Not only was Defendant Newbald harassment verbal but also physical in that she violently attacked Plaintiff and caused physical injury.

132.   Defendants have engaged in a pattern of behavior against Plaintiff that serves no legitimate purpose and is intended to harass, annoy and alarm Plaintiff and to subject Plaintiff to public humiliation.

133.   This behavior by Defendants caused Plaintiff to worry constantly, to fear physical harm, to have difficulties sleeping and to constantly consider what if anything else Defendants will do to harass plaintiff.

134.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

135.   As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damages which are not yet fully ascertainable.

<u>**AS AND FOR A NINTH CAUSE OF ACTION**</u>
<u>**(PUNITIVE DAMAGES)**</u>

136.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "136" of the complaint with the same force and effect as if set forth at this point.

137.   The above paragraphs are here incorporated by reference.

138.   Defendants have engaged in behavior against Plaintiff that is absolutely reprehensible and warrants a finding that Plaintiffs' conduct rises to the highest degree of reprehensibility.

139.   It is respectfully submitted that no amount of compensatory damages that Plaintiff is awarded can offset any punitive damages that Plaintiff should be entitled to from Defendant.

140.   Plaintiff was affected, professionally, personally and emotionally by Defendants' conduct and punitive damages are warranted and necessary.

141.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

142.   As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damages which are not yet fully ascertainable.

## AS AND FOR A TENTH CAUSE OF ACTION
## (LEGAL FEES, COSTS AND DISBURSEMENTS)

143.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "143" of the complaint with the same force and effect as if set forth at this point.

144.   The above paragraphs are here incorporated by reference.

145.   Based on the false allegations, misrepresentations and other acts and omissions by Defendants against Plaintiffs, Plaintiffs have incurred attorney's fees and costs in

defending this malicious and frivolous prosecution, and will most likely incur costs and

disbursements and additional attorney's fees as the matter progress.

146.   Defendants should be required to pay for all attorney's fees, legal fees, cost and

disbursements incurred by Plaintiff as the criminal matters had no valid basis and was

reported and pursued solely for the purpose of harassing annoying and alarming Plaintiff.

147.   It is submitted that all Defendants should be held jointly and severally liable for the acts

and omissions and issues of law set forth above as one could not have succeeded in their

goals against Plaintiffs' interest without the individual actions of the other and the issues

now being complained of are the direct result of the joint and individual acts of the

Defendants.

148.   As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will

continue to suffer substantial damages which are not yet fully ascertainable.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### (ACTING IN CONCERT/CONSPIRACY)

149.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs

"1" through "149" of the complaint with the same force and effect as if set forth at this

point.

150.   The above paragraphs are here incorporated by reference.

151.   The Defendants acting in concert with each other did conspire to hide evidence, to omit

facts pertinent to the criminal case, ACS matter and other pertinent issues in this case,

and did agree to proceed with actions, omissions and malfeasance for to suppress the

rights and privileges Plaintiffs are entitled to.

152.   Based on the false allegations, misrepresentations and other acts and omissions by

Defendants against Plaintiffs, Plaintiffs have incurred attorney's fees and costs in

19

defending this malicious and frivolous prosecution, and will most likely incur costs and disbursements and additional attorney's fees as the matter progress.

153.   Defendants should be required to pay for all attorney's fees, legal fees, cost and disbursements incurred by Plaintiff as the criminal matters had no valid basis and was reported and pursued solely for the purpose of harassing annoying and alarming Plaintiff.

154.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

155.   As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damages which are not yet fully ascertainable.

## DAMAGES

156.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "190" of the complaint with the same force and effect as if set forth at this point.

157.   As a direct and proximate result of the actions of Defendants, Plaintiffs have suffered the following injuries and damages:

  a.   Violation of rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

  b.   Loss of liberty.

  c.   Physical pain and suffering

  d.   Lasting pain and disfigurement

  e.   Emotional trauma including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety

     f.  Invasion of privacy

     g.  Expenses and loss of opportunities including but not limited to attorney's fees and loss of income.

158.   Plaintiff is seeking punitive damages against Defendant.

159.   Plaintiff is seeking compensatory damages against Defendant.

160.   Plaintiff is seeking actual damages against Defendant.

161.   Plaintiff is seeking incidental damages against Defendant.

162.   Plaintiff is seeking attorney's fees, cost and disbursements in litigating this matter.

163.   Plaintiff is also seeking in addition to monetary recovery, non-monetary remedies, i.e., the removal of the indicated status ACS found against her name and an injunction against further unlawful acts.

164.   Plaintiff can recover punitive damages in the instant action because punitive or exemplary damages may be awarded where the defendant's conduct amounts to such gross, wanton or willful fraud, dishonesty, or malicious wrongdoing as to involve a high degree of moral culpability, making it appropriate to deter the defendants from engaging in similar conduct in the future and to induce the victim to take action against the wrongdoer," Whitney v. Citibank, N.A., 782 F.2d 1106, 1118 (2d Cir. 1986) (citing Walker v. Sheldon, 10 N.Y.2d 401, 404–05 [1961]).

165.   Here the courts should grant punitive damages as a means of punishing Defendants for their actions which are "morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant, and to deter such future conduct by Defendant, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future," Seynaeve v. Hudson Moving & Storage, Inc., 261 A.D.2d 168, 169 (1st Dept. 1999) (quoting Walker v. Sheldon, 10 N.Y.2d 401, 404 [1961]).

166.   Plaintiff maintains that punitive damages are appropriate here because Defendant's

21

conduct was intentionally harmful conduct, willfully or wantonly negligent and or reckless. Fordham-Coleman v. Nat'l Fuel Gas Distribution Corp., 42 A.D.3d 106, 113, 834 NYS.2d 422, 428 (4th Dept. 2007).

167.     The punitive damages being sought here are recoverable because Defendants acted with the degree of malice akin to the mens rea required for most crimes. Jeffries v. Harleston, 21 F.3d 1238, 1249, cert. granted, vacated on other grounds, 513 U.S. 996 (1994).

168.     While punitive damage is not a separate cause of action, it is well settled that Plaintiff can recover punitive damages here upon establishing the underlying claims outlined in the causes of action. In re Pfohl Bros. Landfill Litig., 26 F.Supp.2d 512, 548 vacated Freier v. Westinghouse Elec. Corp., 303 F.3d 176 (WDNY 1998).

169.     Plaintiff concedes that punitive damages are never awarded as of right, no matter how egregious defendant's conduct, In re Simon II Litigation, 211 FRD 86, 162 (EDNY 2002), vacated, Simon II Litig. v. Philip Morris USA Inc. (In re Simon II Litig.), 407 F.3d 125 (2d Cir. 2005).

170.     Plaintiff maintains that even if plaintiff suffers only minimal damage, willful and intentional misconduct may be basis for award of punitive damages, In re Baker, 18 B.R. 243, 245 (Bankr. WDNY 1982).

171.     In addition, Plaintiff concedes that the courts have made it clear that punitive damages are generally not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights, Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 358 (1976).

172.     Nor may they be recovered for an isolated breach of contract even if it is willful and without justification, Campo v. 1st Nationwide Bank, 857 F.Supp. 264, 273 (EDNY 1994). Punitive damages may be awarded in a tort action arising from the parties contractual relationship if the plaintiff demonstrates; (1) that the defendant's conduct is

22

actionable as independent tort; (2) the tortious conduct is of an egregious nature; (3) the

egregious conduct is directed toward the plaintiff; (4) the defendant's conduct is part of a

pattern directed at the public generally.  Conocophillips v. 261 E. Merrick Rd. Corp., 428

F.Supp.2d 111, 129 (EDNY 2006).

173.    New York law provides that fraudulent conduct may give rise to punitive damages;

however, mere fraud is insufficient to support a claim of punitive damages. Evil and

reprehensible motives are still required. Solutia Inc. v. FMC Corp., 456 F.Supp.2d 429,

453 reconsideration denied (SDNY 2006).

174.    Here, Plaintiff can recover punitive damages for emotional distress, because the Plaintiff

has shown that defendant engaged in extreme or outrageous conduct which intentionally

or recklessly caused severe emotional distress to plaintiff.

175.    Here, Defendants' conduct was not merely incidental to proper business motives and thus

the damages being sought are appropriate. O'Dell v. New York Prop. Ins. Underwriting

Assn., 145 A.D.2d 791, 792, 535 NYS.2d 777, 779 (3d Dept. 1988).

176.    All of the damages being sought above herein are based upon the causes of actions being

pursued herein, and are based on the unlawful acts and/or omissions by Defendants which

are the direct and proximate cause/result of the damages Plaintiffs now complain of and

form the basis of the causes of action being pursued by Plaintiffs against Defendant.

**WHEREFORE**, Plaintiff respectfully demands and requests judgment against the Defendants as

follows:

a)      On Plaintiff's First cause of action, Plaintiff seeks to have this Honorable Court set the

amount of damages Plaintiff is entitled to as against Defendant as the damages are not

now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred

thousand dollars) to date; and

b)     On Plaintiff's second cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

c)     On Plaintiff's Third cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

d)     On Plaintiff's Fourth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

e)     On Plaintiff's Fifth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

f)     On Plaintiff's Sixth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

g)     On Plaintiff's Seventh cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

h)   On Plaintiff's Eighth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

i)   On Plaintiff's Ninth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

j)   On Plaintiff's Tenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

k)   On Plaintiff's Eleventh cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

177.   As to all causes of action, punitive, compensatory, incidental and actual damages, in an amount to be determined by the trier of facts and consistent with the laws of the State of New York; and

178.   A grant of such other and further relief as this Court shall deem just and proper.

179.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiff's interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

180.   As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damages which are not yet fully ascertainable.

**WHEREFORE,** plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.   An Order granting Plaintiffs' demand for judgment against Defendants jointly and severally; and

B.   An Order granting Plaintiff's demand for a money judgment of $1,000,000, representative of the $1,000,000.00 for the eleven (11) causes of action plus $1,000,000.00 in punitive damages, in favor of Plaintiff against Defendants jointly and severally for each cause of action; and

C.   An Order granting Plaintiffs' request to proceed with their State Court claims simultaneously with the Federal Court claims being pursued in this matter; and

D.   An Order directing Defendants from engaging in any actions against Plaintiffs' interest that are intended to be retaliatory or otherwise punitive against Plaintiffs; and

E.   An Order awarding Plaintiffs punitive damages in an amount exceeding the jurisdictional limits of all the lower courts for each cause of action,

C.   Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.   Awarding Plaintiffs such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:   Queens, NY
         February 15, 2022

                              Yours, etc.,
                              /s/ *Audrey A. Thomas, Esq.*
                              AUDREY A. THOMAS, ESQ.
                              (PART 130 CERTIFICATION)
                              THE LAW OFFICE OF AUDREY
                              THOMAS, PLLC

245-07 FRANCIS LEWIS BLVD
ROSEDALE, NY 11422
718-276-2729 (PH) 718-276-0196(FX)
audreythomasesq@gmail.com
_____

By: AUDREY A. THOMAS,
        (4050548)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
SHERENA STENNETT, INDIVIDUALLY; SHERENA
STENNETT AS THE NATURAL MOTHER AND
GUARDIAN OF S.C. REYNOLDS A MINOR AND                    INDEX#: 21-01069
Z.K. KERR, A MINOR; S.C. REYNOLDS A MINOR;
AND, Z.K. KERR, A MINOR                                 **CERTIFICATE OF MERIT**
                                        Plaintiffs,

          -against-

NEW YORK CITY ADMINISTRATION FOR
CHILDREN'S SERVICES (ACS); DAVID A. HANSELL,
Commissioner of the New York City Administration for
Children's Services, in his official capacity; ACS CASE
WORKER N ARGAN, INDIVIDUALLY AND AS AN
AGENT OF ACS; ACS CASE WORKER SUPERVISOR
M THOMPSON, INDIVIDUALLY AND AS AN AGENT
OF ACS; HONORABLE ERIC GONZALEZ IN HIS
CAPACITY AS THE DISTRICT ATTORNEY KINGS
COUNTY; THE NEW YORK CITY POLICE
DEPARTMENT; THE CITY OF NEW YORK;
STEPHANIE NEWBALD, INDIVIDUALLY, AS THE
PARENT AND LEGAL GUARDIAN OF C.
MCDONALDS, A MINOR, AND AS AN AGENT OF
THE NEW YORK CITY POLICE DEPARTMENT; JANE
DOES 1-5 INDIVIDUALLY AND AS AGENTS OF THE
NEW YORK CITY POLICE DEPARTMENT, SAID
NAMES BEING FICTITIOUS AND INTENDED TO
REPRESENT THE FEMALE OFFICERS WHOSE
NAMES ARE NOT KNOWN TO PLAINTIFFS AT THIS
TIME; AND JOHN DOES 1-5 INDIVIDUALLY AND AS
AGENTS OF THE NEW YORK CITY POLICE
DEPARTMENT, SAID NAMES BEING FICTITIOUS
AND INTENDED TO REPRESENT THE MALE
OFFICERS WHOSE NAMES ARE NOT KNOWN TO
PLAINTIFFS AT THIS TIME,
                                        Defendants.
-------------------------------------------------------------------X

WE, AUDREY A. THOMAS, ESQ., PLAINTIFFS' ATTORNEYS IN THIS ACTION, HAVE
CONSULTED WITH AT LEAST ONE DOCTOR WHO IS KNOWLEDGEABLE ON THE
RELEVANT ISSUE AND I HAVE CONCLUDED THAT THERE IS A REASONABLE
BASIS FOR THE COMMENCEMENT OF THIS ACTION.

Pursuant to CPLR 3012-a, we affirm this Certificate of Merit under penalties of perjury.

February 15, 2022

Yours, etc.,
*/s/ AUDREY A. THOMAS*
(Part 130 Certification)
AUDREY A. THOMAS, ESQ.
THE LAW OFFICE OF AUDREY THOMAS PLLC
245-07 FRANCIS LEWIS BLVD
ROSEDALE, NY 11422
718-276-2729 (PH)
718-276-0196(FX)
audreythomasesq@gmail.com
_____
By: AUDREY A. THOMAS, (4050548)