UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERENA STENNETT, INDIVIDUALLY; SHERENA STENNETT AS THE NATURAL MOTHER AND GUARDIAN OF S.C. REYNOLDS A MINOR AND Z.K. KERR, A MINOR; S.C. REYNOLDS A MINOR; AND, Z.K. KERR, A MINOR,<br><br>                     Plaintiff,<br><br>-against-<br><br>NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES (ACS); DAVID A. HANSELL, Commissioner of the New York City Administration for Children's Services, in his official capacity; ACS CASE WORKER N ARGAN, INDIVIDUALLY AND AS AN AGENT OF ACS; ACS CASE WORKER SUPERVISOR M THOMPSON, INDIVIDUALLY AND AS AN AGENT OF ACS; HONORABLE ERIC GONZALEZ IN HIS CAPACITY AS THE DISTRICT ATTORNEY KINGS COUNTY; THE NEW YORK CITY POLICE DEPARTMENT; THE CITY OF NEW YORK; STEPHANIE NEWBALD, INDIVIDUALLY, AS THE PARENT AND LEGAL GUARDIAN OF C. MCDONALDS, A MINOR, AND AS AN AGENT OF THE NEW YORK CITY POLICE DEPARTMENT; JANE DOES 1-5 INDIVIDUALLY AND AS AGENTS OF THE NEW YORK CITY POLICE DEPARTMENT, SAID NAMES BEING FICTITIOUS AND INTENDED TO REPRESENT THE FEMALE OFFICERS WHOSE NAMES ARE NOT KNOWN TO PLAINTIFFS AT THIS TIME; AND JOHN DOES 1-5 INDIVIDUALLY AND AS AGENTS OF THE NEW YORK CITY POLICE DEPARTMENT, SAID NAMES BEING FICTITIOUS AND | **MEMORANDUM AND ORDER**<br>Case No. 21-CV-1069 (FB) (JRC) |

1

| |
|---|
| INTENDED TO REPRESENT THE MALE OFFICERS WHOSE NAMES ARE NOT KNOWN TO PLAINTIFFS AT THIS TIME,<br><br>　　　　　　　Defendants. |

*Appearances*:

| For the Plaintiff: | For Defendants City of New York, New York City |
|---|---|
| CAROL ANGELA GRAY | *Administration for Children's Services*, *New York City* |
| 147-26 Francis Lewis Blvd | *Police Department*, *David A. Hansell*, *Natacha Argant*, |
| Rosedale, NY 11422 | *Monique Thompson*, *and Eric Gonzalez*: |
| | SYLVIA O. HINDS-RADIX |
| | Corporation Counsel for the City of New York |
| | By: CHRISTOPHER G. ARKO |
| | 100 Church Street, Rm. 3-200 |
| | New York, NY 10007 |

**BLOCK, Senior District Judge:**

　　Plaintiff Sherena Stennett ("Stennett") filed this action against several New York City municipal agencies and their commissioners, individuals employed with the New York City Police Department, two case workers for the New York City Administration for Children's services, and Stephanie Newbald. Stennett alleges claims for intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, malicious prosecution, and failure to intervene. Before the Court is Defendants' motion to dismiss Stennett's Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Due to her failure to abide by the Court's orders and Individual Motion Practices and Rules, Stennett's Amended Complaint is dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) provides that an action may be dismissed for, inter alia, failure to prosecute or failure to comply with a court order. "Although the text of Fed.R.Civ.P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) "Dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) (citing *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir. 1982)).

Relevant factors in determining whether to dismiss for failure to prosecute—in the context of excessive delay by a plaintiff—include

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (cleaned up).

"The duration factor is of limited significance where a party deliberately disobeys court orders. In such an instance, the impetus for dismissal derives from the wilfulness of the party's actions rather than the time period that has elapsed as a result of those actions." *Feurtado v. City of New York*, 225 F.R.D. 474, 479 (S.D.N.Y. 2004) (quoting *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)). Stennett has failed to comply with the Court's orders for more than six months. She repeatedly requested extensions to file and serve her opposition papers after her previous extensions had expired. Stennett's brief in opposition to Defendants' motion was finally filed and served on October 7, 2022, more than two months after it was originally due, and after having been granted three extensions of time. Stennett failed to serve her opposition papers until eight days after this thrice-extended deadline, without explanation or an attempt to seek leave for a fourth extension of time. Furthermore, Stennett's opposition totaled 46 pages of briefing—21 pages in excess of what is allowed under the Court's Individual Motion Practices and Rules. Even "a 'short delay' by the plaintiff may 'still properly result in dismissal if [plaintiff] had wilfully failed to comply with multiple court orders' during the course of the action." *Id.* at 479 (quoting *Graham v. Sullivan*, 1999 WL 1006181, at *2 (S.D.N.Y. Nov. 5, 1999).

On November 21, 2022, the Court granted Stennett leave to change her attorney, Audrey A. Thomas, who on November 9, 2022 had been disbarred by the

4

Supreme Court of New York, Appellate Division, Second Department. That Stennett is not a pro se plaintiff is a significant consideration in determining whether to dismiss her suit for failure to prosecute, as pro se plaintiffs are afforded much greater berth in complying with court orders. *See LeSane*, 239 F.3d at 209 (explaining that a pro se plaintiff's complaint should be dismissed under Rule 42(b) "only when the circumstances are sufficiently extreme").

On April 6, 2023, this Court issued an order requesting Stennett remedy via a letter brief several deficiencies in her Amended Complaint. Specifically, Stennett's Amended Complaint fails to specify which Defendants she lodges each of her claims against and fails to state the source of law for multiple of her claims. The Court's April 6, 2023 order read as follows:

> Due to severe deficiencies in the Amended Complaint, by April 13, 2023 Plaintiff shall file a letter brief not to exceed three pages clarifying, with respect to each count in the Amended Complaint: (1) which specific Defendant or Defendants each count is alleged against; and (2) the source or sources of law Plaintiff alleges Defendant(s) have violated in each count. The letter brief should only address the above clarifications. Any content not addressing the Court's concerns will not be considered by the Court. Failure to comply with this order may result in dismissal of the Amended Complaint.

Stennett failed to act in accordance with the order or make any responsive communication with the Court.

Stennett's continued failure to comply with the Court's deadlines, rules, and orders clearly demonstrate a "lack of due diligence in the prosecution of [her]

5

lawsuit." *West*, 130 F.R.D. 522, 524. The Court's March 6, 2023 order warned that failure to comply could result in dismissal, satisfying the notice factor. Stennett's delays and failure to comply with court orders have also doubtlessly prejudiced Defendants, who had to respond to an exceedingly long opposition to their motion and who must coordinate between several defendants. Furthermore, Stennett's delays and failure to comply with court orders "will likely cause prejudice not only to defendant[s] ... but also to this [C]ourt's ability to manage its docket." *Feurtado*, 225 F.R.D. at 480 (quoting Monge v. O'Connor, 171 F.R.D. 55, 57 (W.D.N.Y. 1997)).

Under the fourth factor, "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas v. Miles*, 84 F.3d 532, 535-36 (2d Cir. 1996). However, out of an interest in fairness to other litigants, "the fact that [a plaintiff] repeatedly disobeyed court orders vastly diminishes his right to have his claim heard." *Feurtado*, 225 F.R.D. at 480.

Finally, under the fifth factor, the Court has opted to dismiss without prejudice as a less prejudicial from of relief than dismissing with prejudice, enabling Stennett to refile her suit and diligently prosecute her claims if she so wishes. A lesser sanction is unlikely to remedy the prejudice resulting from Stennett's delays and failure to comply with court orders. *See Antonios A.*

6

*Alevizopoulos and Assoc., Inc. v. Comcast Int'l Holdings, Inc.*, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (lesser sanctions not warranted where "[plaintiff] has repeatedly failed to abide by the [c]ourt's orders, even when the [c]ourt has granted [plaintiff] extensions and second chances"). Accordingly, Stennett's Amended Complaint is dismissed without prejudice.

    _/S/ Frederic Block_____

    FREDERIC BLOCK  
    Senior United States District Judge

Brooklyn, New York  
May 2, 2023