UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHERENA STENNETT, INDIVIDUALLY;
SHERENA STENNETT AS THE
NATURAL MOTHER AND GUARDIAN
OF S.C. REYNOLDS A MINOR AND Z.K.
KERR, A MINOR; S.C. REYNOLDS A
MINOR; AND, Z.K. KERR, A MINOR,

              Plaintiffs,

    -against-

NEW YORK CITY ADMINISTRATION
FOR CHILD'S SERVICES (ACS); DAVID
HANSELL, Commissioner of the New York
City Administration for Children's Services,
in his official capacity; ACS CASE
WORKER N ARGAN, INDIVIDUALLY
AND AS AN AGENT OF ACS; ACS CASE
WORKER SUPERVISOR M THOMPSON,
INDIVIDUALLY AND AS AN AGENT OF
ACS; HONORABLE ERIC GONZALEZ IN
HIS CAPACITY AS THE DISTRICT
ATTORNEY OF KINGS COUNTY; THE
NEW YORK CITY POLICE
DEPARTMENT; THE CITY OF NEW
YORK; STEPHANIE NEWBALD,
INDIVIDUALLY, AS THE PARENT AND
LEGAL GUARDIAN OF C.
MCDONALDS, A MINOR, AND AS AN
AGENT OF THE NEW YORK CITY
POLICE DEPARTMENT; JANE DOES 1-5
INDIVIDUALLY AND AS AGENTS OF
THE NEW YORK CITY POLICE
DEPARTMENT, SAID NAMES BEING
FICTITIOUS AND INTENDED TO
REPRESENT THE FEMALE OFFICERS

**MEMORANDUM AND ORDER**

Case No. 21-CV-1069 (FB) (JRC)

1

WHOSE NAMES ARE NOT KNOWN TO
PLAINTIFFS AT THIS TIME; AND JOHN
DOES 1-5 INDIVIDUALLY AND AS
AGENTS OF THE NEW YORK CITY
POLICE DEPARTMENT, SAID NAMES
BEING FICTITIOUS AND INTENDED TO
REPRESENT THE MALE OFFICERS
WHOSE NAMES ARE NOT KNOWN TO
PLAINTIFFS AT THIS TIME,

Defendants.

*Appearances:*
*For the Plaintiff*:
CAROL GRAY, ESQ.
Carol Gray and Associates, P.C.
147-26 Francis Lewis Blvd.
Rosedale, NY 11422

*For the Defendants*:
ACC SEEMA KASSAB, ESQ.
HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
100 Church St. Room 3-200
New York, NY 10007

**BLOCK, Senior District Judge:**

**CAVEAT**

This is a perfect example of an omnibus complaint that throws "everything against the wall" against every conceivable defendant in the hope that something will stick. In my three decades on the bench, I have never seen one such "Hail Mary" complaint that has been successful. But such complaints have resulted in the waste of valuable judicial resources. Counsel (and the bar) would be well advised from engaging in this practice in the future to avoid sanctions.

## THE MOTION

In this civil rights action, Plaintiff Sherena Stennett ("Stennett") and her two minor children, S.C. Reynolds ("S.C. Reynolds") and Z.K. Kerr ("Kerr") (collectively, "Plaintiffs"), bring a litany of state and federal claims related to a dispute with off-duty New York Police Department ("NYPD") officer Stephanie Newbald ("Newbald") that led to Stennett's subsequent arrest, prosecution, and "indication" by the Administration for Children's Services ("ACS") for Child Abuse or Maltreatment.[1]

Defendants the City of New York, ACS, NYPD, ACS Commissioner David A. Hansell ("Hansell"), ACS worker Natacha Argant ("Argant"),[2] ACS supervisor Monique Thompson ("Thompson"), and Kings County District Attorney Eric Gonzalez ("Gonzalez") (collectively, "City Defendants"[3]) move for dismissal of all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, Defendants' motion is GRANTED.

---

[1] "Indicated" is a term of art meaning that ACS has found some credible evidence of abuse or neglect.

[2] According to City Defendants, Argant's surname is misspelled in the caption.

[3] The final defendant, Newbald, is not represented by the City Defendants' counsel and has not moved to dismiss.

Case 1:21-cv-01069-FB-JRC   Document 51   Filed 11/29/23   Page 4 of 25 PageID #: 557

# I.     BACKGROUND

The following facts are drawn from the Amended Complaint.[4]  On a motion to dismiss, the Court assumes the complaint's factual allegations, but not legal conclusions, to be true, *see Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013), and properly considers matters of public record, such as Stennett's arrest report and criminal complaint, which City Defendants have attached to their pleadings.  *See Bd. of Managers of 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs.*, Inc., 652 F. Supp. 2d 463, 471 (S.D.N.Y. 2009).  To survive a Rule

---

[4] After a pre-motion conference with the Court on November 16, 2021, Plaintiffs filed their Amended Complaint on February 16, 2022.  After City Defendants served their motion to dismiss on July 1, 2022, Plaintiffs filed three motions for extensions of time to file their opposition.  Later, the Court offered Plaintiffs leave to change their attorney after Plaintiffs' original counsel, Audrey A. Thomas, was disbarred by the Supreme Court of New York, Appellate Division, Second Department on November 9, 2022.  However, on April 6, 2023, due to severe deficiencies in the Amended Complaint, the Court ordered Plaintiffs to file a three-page letter brief clarifying which specific Defendant each count is alleged against, and the sources of law Plaintiffs allege that the Defendants violated.  Despite the Court's order, Plaintiffs failed to act in accordance with the order or make any responsive communication with the Court.  Accordingly, on May 2, 2023, pursuant to Federal Rule of Civil Procedure 41(b), the Court dismissed the Amended Complaint without prejudice for failure to prosecute after Plaintiffs failed to abide by the Court's orders and Individual Motion Practices and Rules.  The Court eventually re-opened the case after Plaintiffs argued that they did not willfully abandon the case.  Given this history, the Court notes that while Plaintiffs have not moved for leave to further amend the complaint, it would deny any such request, as the Court has previously identified severe defects in the complaint that Plaintiffs have been unable to cure in their letter brief.

12(b)(6) motion to dismiss, the complaint must include enough facts to state a claim to relief that is facially plausible, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *i.e.*, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Stennett, her two minor children, and her then-boyfriend, non-party Sylbert Reynolds ("Sylbert Reynolds"), resided with Newbald and Newbald's minor son, C. McDonald ("McDonald"), in a Brooklyn apartment.  On or around February 15, 2018, Stennett alleges that she observed McDonald expose his penis to S.C. Reynolds, Stennett's minor daughter, and repeatedly demand that she touch it. S.C. Reynolds refused.  Stennett told McDonald to stop and reported his behavior to his mother, Newbald.  Becoming irate at Stennett for reporting McDonald's behavior, Newbald threw items at Plaintiffs, lunged at Plaintiffs with a knife, and struck Stennett on the body and face with a pair of metal crutches and a fan.

In response to this outburst, Sylbert Reynolds called the police to prevent Newbald from attacking Stennett and her children.  However, Newbald ran out of the apartment, yelling, "officer needs assistance, officer needs assistance."  Sylbert Reynolds told the NYPD Officers what had happened, including that Newbald was the aggressor.  While the NYPD Officers who arrived at the scene could see Stennett's belongings scattered about the apartment, they failed to ensure that a

proper investigation could proceed and did not take photos, collect evidence, or otherwise preserve the scene.  The officers took Stennett to the hospital where she received treatment for the facial laceration and several broken teeth she sustained from Newbald's attack.

At some point at the hospital, the officers placed Stennett under arrest and charged her with seven crimes.  On February 16, 2018, Newbald signed a domestic incident report ("DIR") in which she stated that Stennett had struck her across the back and face with a crutch, causing substantial pain.  *See* Ex. A.  That same day, non-party Kings County Assistant District Attorney Remy Lieberman ("Lieberman") signed a criminal complaint against Stennett containing seven charges, including second-degree assault and child endangerment.  *See* Ex. B.

At some point after Stennett's arrest — the Amended Complaint is unclear on when — the ACS Defendants "opened an investigation against [her] and later indicated her for child endangerment in connection to the arrest."  Am. Comp. ¶ 62.  Because of the ACS investigation, Stennett, who worked at a school, was unable to work for some period of time and claims that her indicated status renders her unable to apply for jobs that involve children.  Am. Comp. ¶¶ 67-68.

The Amended Complaint is once again unclear on the timeline, but at some point, Sylbert Reynolds "told the police, members of the District Attorney's officer [sic] and ACS what happened and in fact reported that Stephanie Newbald was the

6

aggressor and that Sherena Stennett consistently tried to leave." *Id.* at ¶ 63.

Eventually, all charges were dismissed and sealed.

Plaintiffs allege that Stennett suffered serious injuries, had several medical

procedures to fix her teeth, incurred medical bills, and faces ongoing medical

issues from Newbald's assault.  Additionally, Stennett incurred economic damages

from missing some period of work, suffered significant embarrassment and

reputational damage, and has been in therapy because of the incident.  Minor

Plaintiffs have suffered "several psychological trauma and are in counseling for the

same." *Id.* at ¶ 67.  Moreover, it appears that Stennett continues to be indicated for

child abuse and maltreatment.

Plaintiffs subsequently commenced this suit.  In their letter brief, Plaintiffs

clarified that they were bringing the following claims against all defendants: (1)

false arrest under Section 1983; (2) "municipal and supervisory liability"; (3)

intentional infliction of emotional distress; (4) negligent infliction of emotional

distress; (5) "defamation/slander/libel"; (6) "malicious prosecution and failure to

investigate"; (7) harassment under Section 1983; and (8) "acting in

concert/conspiracy."

## II.   DISCUSSION

### A. Proper Parties

City Defendants move to dismiss Plaintiffs' claims against NYPD and ACS because New York City agencies are not suable entities.  Defendants are correct. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("NYPD is a non-suable agency of the City of New York"); *Pimentel v. City of New York*, No. 00 CIV. 326 SAS, 2000 WL 1576871, at *2 (S.D.N.Y. Oct. 23, 2000) ("As the ACS is a City agency, and because it has not been authorized as a suable entity by law, it is not a proper party to this action.").  Under the New York City charter, Stennett's claims must instead be brought against the City of New York, discussed *infra*.  *See Jenkins*, 478 F.3d at 93 n.19 (citing N.Y.C. Charter § 396).

### B. State-Law Claims

Plaintiffs bring several state law claims, including: (1) intentional infliction of emotional distress, (2) negligent infliction of emotional distress, (3) "defamation/libel/slander," and (4) malicious prosecution.  City Defendants[5] move to dismiss on the ground that Stennett has failed to plead or prove that she filed a notice of claim within ninety days after the accrual of her claims, as mandated by N.Y. Gen. Mun. Law §§ 50–e and 50-i.

---

[5] Plaintiffs do not specify whether their claims for "defamation/liberal/slander" and malicious prosecution arise under state law, federal law, or both.  For the purposes of completeness, the Court considers both.

New York's notice-of-claim provision requires a plaintiff bringing a state tort action — including those asserted as pendant claims in a federal civil rights action — against New York municipalities, counties, and or their employees "acting within the scope of their employment" to file a notice of claim "within ninety days of the incident giving rise to the claim." *See Singletary v. Allen*, 431 F. Supp. 3d 126, 129 (W.D.N.Y. 2019) (citing N.Y. Gen. Mun. Law § 50-e); *Haygood v. City of New York*, 64 F. Supp. 2d 275, 277 (S.D.N.Y. 1999) ("In order to sue ADA Bashford, plaintiff was obliged first to serve a notice of claim on the County of New York.").

Plaintiffs plainly fail to "plead in the complaint that . . . [they] served the notice of claim, *see Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999), nor have they alleged any "peculiar circumstances" that might prevent dismissal, such as waiver or estoppel. *See Hyde v. Arresting Officer Caputo*, No. 98 CV 6722(FB)(ASC), 2001 WL 521699, at *4 (E.D.N.Y. May 11, 2001) (discussing "peculiar circumstances"). Accordingly, all state-law claims must be dismissed, *see id.*, against the City of New York, New York City municipal employees, *see Domni*, 2022 WL 16950055, at *3 ("courts in [the Second] Circuit have consistently rejected defamation claims asserted against individual municipal employees by plaintiffs who have not complied with Section 50-e's requirements"), and Kings County District Attorney Gonzalez, as "[c]ourts

9

have routinely applied this [notice-of-claim] requirement to claims against district attorneys and other county officials and employees."[6] *See Bielski v. Green*, 674 F. Supp. 2d 414, 428 (W.D.N.Y. 2009); *see also Klein v. Zugabie*, No. 15 CIV. 9093 (NSR), 2017 WL 374733, at *7 (S.D.N.Y. Jan. 24, 2017) (dismissing state law tort claims against Rockland County District Attorney for failure to timely file notice of claim with Rockland County); *Pustilnik v. Hynes*, No. 99-CV-4087(JG), 2000 WL 914629, at *7 (E.D.N.Y. June 27, 2000) (dismissing state-law claims against Kings County District Attorney Hynes for failure to file a notice of claim). Moreover, any attempt to further amend the complaint would be futile. *See Coronna v. Cnty. of Suffolk*, No. CIV.A. 05-6016, 2008 WL 2371421, at *6 (E.D.N.Y. June 9, 2008) ("Having failed to plead or prove compliance with the notice of claim provision, the amendment [of the complaint] would be futile.").

## C. Federal claims pursuant to § 1983

Plaintiffs' remaining claims are federal claims under 42 U.S.C. § 1983 brought against the City of New York and individual defendants. To maintain an

---

[6] Whether Plaintiffs bring their claims against DA Gonzalez in his official or personal capacity would not change the analysis, as Plaintiffs failed to allege that they filed a notice of claim for claims against the City, the Kings County District Attorney's Office, or Gonzalez personally. *Cf. Kanciper v. Lato*, No. 13CV00871ADSWDW, 2014 WL 12847274, at *5 (E.D.N.Y. Mar. 31, 2014) (notice of claim that listed Suffolk County District Attorney's Office, rather than District Attorney's name, sufficed for notice-of-claim requirement because claim was brought against District Attorney in official capacity, which is "functionally equivalent to a suit against the entity of which the officer is an agent.").

action under § 1983, a plaintiff must allege that the conduct was committed by a person acting under the color of state law, and that the conduct must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *See Dowtin v. O'Neil*, 416 F. Supp. 3d 159, 162 (E.D.N.Y. 2017).  Stennett appears to bring six claims under Section 1983 against all City Defendants: (1) false arrest; (2) defamation; (3) malicious prosecution; (4) failure to investigate; (5) harassment; and (6) conspiracy.

Two claims — failure to investigate and harassment — can be quickly disposed.  First, failure to investigate is not a cognizable claim under § 1983 because courts have not recognized a constitutional right to an adequate investigation.  *See Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation, and therefore a claim for failure to investigate is not independently cognizable under Section 1983").

Second, a harassment claim under § 1983 is also not viable against City Defendants because Stennett does not allege employment-based harassment from a public employer or one its employees.  *See, e.g.*, *Kennedy v. New York*, 167 F. Supp. 3d 451, 461 (W.D.N.Y. 2016) (construing harassment claim brought under Section 1983 in the employment context).  Plaintiffs appear to understand "harassment" in a colloquial sense, rather than a legal one: they claim that

Newbald verbally and physically harassed Stennett, the other defendants "engaged in a pattern of behavior . . . intended to harass, annoy, and alarm Plaintiff," *see* Am. Comp. ¶¶ 131-32, and Stennett suffered employment-related damages because of the ACS investigation and her "indicated" status.  However, to state a claim for harassment, it must arise in an employment context, *i.e.*, in the course of Stennett's public employment, and Plaintiffs fail to allege any employment relationship with any of the defendants.  *Cf. Annis v. Cnty. of Westchester, N.Y.*, 36 F.3d 251, 254 (2d Cir. 1994) (individuals have a constitutional right under the Equal Protection Clause to be free from some forms of harassment by a public employer); *Richardson v. Metro. Dist. Comm'n*, No. CIV.A.300CV1062(JCH), 2003 WL 21727781, at *3 (D. Conn. July 23, 2003) ("A claim for harassment which creates a hostile work environment is cognizable under section 1983 . . . [and] parallel[s] those brought under Title VII").  The harassment claim is dismissed.

### 1.  Claims Against Individual Defendants

Stennett brings the remaining federal claims against three sets of individual defendants: (1) Kings County District Attorney Gonzalez, (2) ACS Commissioner David A. Hansell, ACS Case Worker N. Argan, and ACS case worker supervisor M. Thompson (collectively, "ACS Defendants"), and (3) unidentified Jane and John Doe NYPD officers.  To bring a claim under § 1983 against an individual defendant, "a plaintiff must show, *inter alia*, the defendant's personal involvement

in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d

133, 138 (2d Cir. 2013).

### a. Kings County District Attorney Eric Gonzalez

City Defendants move to dismiss the claims against Kings County District

Attorney Gonzalez on the grounds that Plaintiffs fail to plausibly allege Gonzalez's

personal involvement.

The Court first notes that Plaintiffs bring their claims against Gonzalez "in

his capacity as the District Attorney [sic] Kings County."  When prosecuting a

criminal matter, a district attorney in New York represents the State, not the

county, and is entitled to Eleventh Amendment sovereign immunity.  *See Ying Jing*

*Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993).  Accordingly, a

damages suit against Gonzalez in his official capacity for claims centering on

decisions "whether or not, and on what charges, to prosecute," *id.*, "constitutes an

impermissible suit against the State" and must be dismissed.  *See Reid v. Schuman*,

83 F. App'x 376, 377 (2d Cir. 2003) (affirming dismissal of suit against assistant

district attorney); *see also Nunez v. City of New York*, No. 14-CV-4182 (RJS),

2016 WL 1322448, at *6 (S.D.N.Y. Mar. 31, 2016), *aff'd*, 735 F. App'x 756 (2d

Cir. 2018) (dismissing damages suit against Bronx District Attorney).

Even if Plaintiffs did sue Gonzalez in his individual capacity — and setting

aside issues of immunity — the Amended Complaint fails to plausibly plead, let

13

alone suggest, that Gonzalez had any personal involvement in a constitutional deprivation.  To show liability, including supervisory liability, the Amended Complaint must allege that Gonzalez has violated the Constitution through his own actions.  *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (rejecting a "special rule" for supervisory liability).  However, because "Gonzalez [was not] personally involved in the alleged constitutional deprivation, Plaintiff[s] cannot maintain a cause of action against [him]."  *See Roland v. City of New York*, No. 19CV2240PKCSMG, 2019 WL 2357842, at *4 (E.D.N.Y. June 4, 2019) (dismissing Fourth Amendment claim against District Attorney Eric Gonzalez); *Nunez v. City of New York*, No. 14-CV-4182 (RJS), 2016 WL 1322448, at *6 (S.D.N.Y. Mar. 31, 2016), *aff'd*, 735 F. App'x 756 (2d Cir. 2018) ("The Amended Complaint fails to allege any facts to suggest that Defendant Bronx District Attorney Robert Johnson was personally involved in Plaintiff's arrest and pre-arraignment detention.").

The Amended Complaint's sole references to the DA's Office are Plaintiffs' allegations that the Office heard false statements from Newbald and brought charges against Stennett; the only reference to Gonzalez is that he "failed to properly investigate these allegations and therefore furthered the malicious and unjustified actions perpetrated."  Am. Compl. ¶ 5.  In fact, Assistant DA Lieberman, not Gonzalez, signed the criminal complaint.  *See* Ex. B.  As Plaintiffs

14

appear to have named Gonzalez solely because of "the particular position[] that

[he] occup[ies] in the city government" *see Dowtin v. O'Neil*, 416 F. Supp. 3d 159,

162 (E.D.N.Y. 2017) (dismissing false arrest claim against Gonzalez), their claims

against Gonzalez fail.

### b. *Unidentified NYPD Officers and ACS Defendants*

Stennett brings all remaining § 1983 claims against unidentified Jane and

John Doe NYPD officers and ACS Defendants.

### *(1) False Arrest*

For Plaintiffs' false arrest claim against unidentified NYPD Officers in

connection with the February 2018 arrest, City Defendants argue that (1) that the

NYPD officers had probable cause in their actions; (2) that qualified immunity

would bar Plaintiffs from maintaining a false arrest or malicious prosecution claim

against any City employee; and (3) an attempt by Plaintiffs to amend their

Complaint and add the unidentified police officers as defendants would be futile.

City Defendants are correct that Plaintiffs are barred by the statute of

limitations from substituting the named NYPD Officer-Defendants.  Although

Plaintiffs filed their complaint within the permissible period, they failed to add the

unidentified police officers as defendants within the three-year window for § 1983

claims, as they must.  *See Palmer v. Stuart*, 274 Fed. Appx. 58, 58 (2d Cir. 2008)

(stating statute of limitations).  Because false arrest claims accrue at the time of the

arrest, *see Covington v. City of New York*, 171 F.3d 117, 123 (2d Cir. 1999), which

occurred here in February 2018, the three-year statute of limitation has now lapsed.

Moreover, the relation-back doctrine, *see* Fed. R. Civ. P. 15(c), does not apply, as

"an amended complaint adding new defendants [cannot] relate back if the newly-

added defendants were not named originally because the plaintiff did not know

their identities."  *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999); *see*

*also Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("Although a defendant

can initially be named as a John Doe defendant, failure to fully name that

defendant within the applicable statute of limitations period requires dismissal of

the claim."); *Hyde v. Arresting Officer Caputo*, No. 98 CV 6722(FB)(ASC), 2001

WL 521699, at *3 (E.D.N.Y. May 11, 2001) (amending complaint to add the

unidentified police officers as defendants would be futile because statute of

limitation has run).  Accordingly, the false arrest claim under § 1983 against the

unidentified NYPD Officers is dismissed.

The false arrest claim against ACS Defendants must also be dismissed.  The

Amended Complaint does not plead any involvement by ACS Defendants in the

February 2018 alleged false arrest other than vague references to "acting in

concert."  *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (necessary

element is that the defendant intended to confine the plaintiff).  *Cf. Cook v. City of*

*New York*, 243 F. Supp. 3d 332, 344 (E.D.N.Y. 2017) (plaintiff plausibly alleged a

false arrest claim by stating that "ACS defendants instigated plaintiffs' arrest

through an improper removal process").

### (2) Malicious Prosecution

Similarly, the malicious prosecution claims against the unidentified NYPD

Officers and ACS Defendants must be dismissed.  The malicious prosecution claim

accrues when the criminal proceedings have terminated in the plaintiff's favor, *see*

*Heck v. Humphrey*, 512 U.S. 477 (1994), and Plaintiffs state that all criminal

charges had been dismissed and sealed by February 28, 2019.  Am. Compl. at

¶¶ 58-59.  Thus, any attempt to now amend the complaint to add individual NYPD

Officers is time-barred by the three-year statute of limitation.  The Amended

Complaint fails to allege any involvement by ACS Defendants in bringing or

prosecuting the criminal charges, so that claim, too, is dismissed.

Assuming *arguendo* that Plaintiffs could bring a malicious prosecution claim

on the basis of ACS indicating Stennett for child abuse and maltreatment, *see*

*Grullon v. Admin. for Children's Servs.*, No. 18-CV-3129 (LJL), 2021 WL

981848, at *10 (S.D.N.Y. Mar. 16, 2021) (it is "not settled in the Second Circuit

whether the initiation of child neglect proceedings can give rise to a malicious

prosecution claim") (collecting cases), Plaintiffs have failed to allege the claim's

second element, "termination of the proceeding in plaintiff's favor."  *See Kurtz v.*

*Hansell*, No. 20 CIV. 3401 (PAE), 2021 WL 1143619, at *12 (S.D.N.Y. Mar. 24,

2021).  Plaintiffs seek in their Amended Complaint "removal of the indicated status ACS found against her name," *see* Am. Compl. ¶ 108, and in her affidavit, Stennett states that the "indicated" status from ACS "will remain on [her] record until [her] youngest child reaches age 28."  Stennett Aff. ¶ 8.  As Plaintiffs implicitly concede that ACS proceedings have not terminated in Stennett's favor, a malicious prosecution claim based on ACS indicating Stennett for child abuse and maltreatment also fails.

### *(3) Stigma-Plus Defamation*

Plaintiffs bring a claim for "defamation/slander/libel," which this Court construes as "stigma-plus defamation" pursuant to § 1983, based on Plaintiffs' allegations that "Defendant's [sic] falsely accused Plaintiff Stennett of committing a crime, referred her to the District Attorney and repeated these claims to ACS which then relayed these allegations to Plaintiff's employer depriving her of her ability to work."  Am. Comp. ¶ 109.

A stigma-plus claim requires "(1) the utterance of a statement about [the plaintiff] that is injurious to her reputation, that is capable of being proved false and that she claims is false, and (2) some tangible and material state-imposed burden in addition to the stigmatizing statement."  *See Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005) (cleaned up).

Plaintiffs meet the "stigma" and "plus" prongs.  First, Stennett was subject

to an indicated report of child abuse and maltreatment on file with the New York

State Central Register of Child Abuse and Maltreatment, which satisfies the

"stigma" element of a stigma plus claim.  *See Valmonte v. Bane*, 18 F.3d 992, 1000

(2d Cir. 1994) (inclusion of plaintiff's name on the New York State Central

Register of Child Abuse and Maltreatment satisfies "stigma" prong); *Worrell v.

City of New York*, No. 12-CV-6151 MKB, 2014 WL 1224257, at *5 (E.D.N.Y.

Mar. 24, 2014) (accord) (collecting cases).

Second, Plaintiffs have plausibly alleged that Stennett's indicated status

"imposes a material state-imposed burden or alteration of a plaintiff's status or

rights" by operation of law.  *Worrell*, 2014 WL 1224257, at *5-6.  "[T]he

requirement that certain potential employers consult the Central Register to

determine if a prospective employee is listed as being 'indicated' for child abuse or

maltreatment before hiring the employee imposes a burden on the prospective

employee's employment prospects by operation of law," although a plaintiff must

generally "plead more than just the ability of the listing to impede the plaintiff's

employment opportunities," but that "at least, that they would have sought a job . .

. but for their inclusion on the Central Register."  *Id.* at *6.  Plaintiffs allege that

Stennett, who worked in a school, was "prevented [] from working due to the ACS

investigation," *see* Am. Compl. ¶ 68, could not get employment with children until

her youngest child turns 28 years old, is "now not able to apply for jobs that involve children," and cannot "advance in [her] current employment." These allegations satisfy the "plus" aspect. *See Valmonte*, 18 F.3d at 1001 (inclusion of plaintiff's name on the New York State Central Register of Child Abuse and Maltreatment and tangible burden on employment's prospects in the child-card field satisfies stigma and plus).

However, because a stigma-plus claim is a species of procedural due process, the "availability of adequate process defeats a stigma-plus claim." *See Segal v. City of New York*, 459 F.3d 207, 213 (2d Cir. 2006). The Amended Complaint does not allege inadequate process — nor could it, as it appears from Plaintiffs' papers that Stennett had an opportunity to contest the indicated determination. Plaintiffs attached a letter from the Office of Children and Family Services, which states that Stennett was the subject of an indicated report of child abuse and/or maltreatment "[a]s a result of the disposition of an administrative hearing that was scheduled and/or held or based on your failure to request a fair hearing to contest the determination."

Plaintiffs do not contend that Stennett never received an opportunity to be heard, or that the offered hearing failed to comply with due process requirements; accordingly, Plaintiffs "cannot sustain a due process violation claim as . . . [it appears that] ACS was in full compliance with the law." *See Worrell*, WL

20

1224257, at *8-10 ("Assuming that Plaintiff can allege a stigma plus liberty

interest premised on her inability to renew her foster parent status, Plaintiff's due

process claim nevertheless fails because Plaintiff was not deprived of any process

by Defendants."); *Tafuto v. New York State Off. for Child. & Fam. Servs.*, No. 08

CIV. 8433 LTS THK, 2012 WL 4459803, at *7 (S.D.N.Y. Sept. 25, 2012) ("Even

if Plaintiff had identified a protected liberty or property interest, she has failed to

allege any facts or produce any evidence showing that she was deprived of a

protected interest *without due process*.") (emphasis in original).

The Court also dismisses the stigma-plus claim against the unidentified

NYPD Officers because Plaintiffs fail to allege a deprivation of a "tangible

interest" without due process.  *See Patterson v. City of Utica*, 370 F.3d 322, 330

(2d Cir. 2004).  Plaintiffs state that "Defendant's [sic] falsely accused Plaintiff

Stennett of committing a crime, referred her to the District Attorney, and repeated

these claims to ACS."  *See* Am. Compl. ¶ 109.  However, Plaintiffs fail to identify

"some tangible and material state-imposed burden in addition to the stigmatizing

statement" without due process.  *See Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005)

(cleaned up).  Again, a stigma-plus claim based on ACS's ultimate indication of

Stennett for child abuse fails because Plaintiffs do not allege inadequate due

process.  Fatally, their Amended Complaint fails to identify the deprivation of any

other tangible interest without due process.  *Cf. Balentine v. Tremblay*, 554 F.

21

App'x 58, 60 (2d Cir. 2014) (tangible interests for stigma-plus claim include the loss of the right to purchase alcohol, foreclosure of the freedom to take advantage of government employment, and the extinguishment of the right to public education) (collecting cases).

### *(4) Conspiracy*

Plaintiffs bring "conspiracy/acting in concert" claims against all defendants, alleging that they conspired to "hide evidence [and] to omit facts pertinent to the criminal case [and] ACS matter." Am. Compl. ¶ 151. For conspiracy under § 1983, a plaintiff must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *See Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 287 (S.D.N.Y. 2013) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)).

Any conspiracy claim involving the unidentified NYPD Officers and premised on an underlying constitutional deprivation in connection with either the alleged false arrest or malicious prosecution is time-barred for the reasons discussed *infra*, including any alleged conspiracy between the unidentified NYPD Officers and Newbald to arrest Stennett or have Stennett, rather than Newbald, prosecuted. A conspiracy claim pursuant to Section 1983 accrues when the

actionable wrongful act, rather than the conspiracy, becomes apparent, and here, "each of the discrete acts that [Plaintiffs] complain[] of all occurred outside the statute of limitations." *See Singleton v. City of New York*, 632 F.2d 185, 192—93 (2d Cir. 1980). Plaintiffs also fail to allege involvement by ACS Defendants in either alleged constitutional deprivation. Finally, because Plaintiffs have failed to plausibly plead a stigma-plus claim in connection with the ACS investigation and indication, they similarly fail to plead a conspiracy claim. *See Gregory v. Inc. Vill. of Ctr. Island*, No. 14-CV-2889 JFB AKT, 2015 WL 5093623, at *15 (E.D.N.Y. Aug. 28, 2015) ("It naturally follows that plaintiff has failed to plead a conspiracy claim, because the deprivation of a constitutional right is prerequisite to a claim of conspiracy.").

### 2. Claims Against the City of New York

Finally, Stennett cannot sustain a § 1983 claim against the City of New York. To hold a municipality like the City of New York liable under § 1983, a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional or other federal right." *Diomande v. City of New York*, No. 20CV5570RPKLB, 2021 WL 3472627, at *2 (E.D.N.Y. Aug. 6, 2021) (citing *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658 (1978)). Under *Monell*, "[o]fficial municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking

23

officials, and practices so persistent and widespread as to practically have the force

of law." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting

*Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

The Amended Complaint fails to allege facts from which the Court could

infer that any alleged injury was caused by the City of New York's policies or

customs, alluding only to a vague "Blue Code of Silence," wherein NYPD officers

"witness wrongdoing by their counterparts and take no action to intervene."

However, "the mere assertion . . . that a municipality has such a custom or policy is

insufficient in the absence of allegations of fact tending to support, at least

circumstantially, such an inference." *Brown v. New York*, No. 1:15-CV-

04978(FB), 2018 WL 1115680, at *3 (E.D.N.Y. Feb. 26, 2018).  These allegations

fail to state "what the policy is or how that policy subjected Plaintiff to suffer the

denial of a constitutional right." *See Cuevas v. City of New York*, No. 07 CIV.

4169 (LAP), 2009 WL 4773033, at *4 (S.D.N.Y. Dec. 7, 2009).  As the Amended

Complaint refers to no other similar instances of misconduct, "feckless training,"

or inadequate "discipline practices" in NYPD, ACS, or King's County District

Attorney's Office, Plaintiffs' claims must be dismissed.  *Cf. Nunez v. City of New

York*, 735 F. App'x 756, 760 (2d Cir. 2018) (affirming dismissal of complaint that

cited 48 instances of prosecutorial misconduct over 23 years); *Buari*, 530 F. Supp.

3d at 407-08 (plaintiff "identifies specific areas where training in the Bronx DA's Office allegedly was deficient.").

## III.   CONCLUSION

For the foregoing reasons, all claims against the City Defendants are hereby dismissed.  As Newbald has not moved to dismiss the claims against her, those claims remain pending.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 29, 2023